Kenneth VOIGHT, Plaintiff,

v.

SUBARU–ISUZU AUTOMOTIVE, INC., Defendant.

Civ. No. L 90–51.

United States District Court, N.D. Indiana, Lafayette Division.

Jan. 24, 1992.

Kenneth J. Allen, Merrillville, Ind., for plaintiff.

Wayne O. Adams, III, David J. Carr, Indianapolis, Ind., for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This matter is presently before the court on a Bill of Costs in the amount of $2,722.86 filed by the defendant, Subaru–Isuzu Automotive, Inc. (hereinafter "Subaru") on December 16, 1991. The plaintiff, Kenneth Voight, (hereinafter "the plaintiff") objects to the Bill of Costs and requests a hearing at which the court may ascertain his indigency. In the alternative, the plaintiff requests an enlargement of thirty (30) days within which to submit affidavits or other evidence establishing his inability to pay the costs requested.

### I.

This is a diversity action brought pursuant to 28 U.S.C. § 1332 for a wrongful discharge. The plaintiff, Kenneth Voight, a citizen and resident of the State of Michigan, filed this action on September 24, 1990, against defendant Subaru, an Indiana corporation with its principal place of business in Lafayette, Indiana, alleging that his employment was terminated by Subaru because he asserted his right to workman's compensation benefits after sustaining a back injury and/or for other unlawful reasons contrary to the public policy and the laws of the State of Indiana and the United States of America. In an amended complaint filed on March 1, 1991, the plaintiff further alleges that his back injury was sustained while in the course and within the scope of his employment with Subaru.

On October 11, 1991, this court granted Subaru's motion for summary judgment and assessed costs against the plaintiff. As a result of the aforesaid order of October 11, 1991, defendant Subaru seeks costs as the "prevailing party" pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.

## II.

■ Rule 54(d) of the Federal Rules of Civil Procedure provides in pertinent part:

Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs....

Hence, the court must first consider whether defendant Subaru was the prevailing party. As previously mentioned, this court granted the defendant's motion for summary judgment on October 11, 1991. In the Memorandum and Order granting the aforesaid motion for summary judgment, this court stated:

Notwithstanding the extensive record here, and fully understanding the legal constraints that are imposed both upon the claim of this plaintiff and the jurisdiction of this court, both by law and by the pleadings in this case, this court must decide as a matter of law that given the essentials of a claim under *Frampton,* this plaintiff has wholly and completely failed to meet those conceptual demands. Therefore this defendant is entitled to a judgment as a matter of law. Judgment shall enter for the defendant against the plaintiff. Costs are assessed against the plaintiff. The Clerk shall enter judgment accordingly.

■ Based on the foregoing referenced Memorandum and Order, it is clear that defendant Subaru is a prevailing party within the meaning of Rule 54(d). *Hudson v. Nabisco Brands, Inc.,* 758 F.2d 1237 (7th Cir.1985). Under Rule 54(d), there is a general presumption of allowing costs "as of course" to the prevailing party. *Commercial Credit Equipment Corp. v. Stamps,* 920 F.2d 1361 (7th Cir.1990). *See* *also Congregation of The Passion, Holy Cross Province v. Touche, Ross & Co.,* 854 F.2d 219, 221 (7th Cir.1988). Nevertheless, it remains for the district court to determine what costs are "reasonable and necessary". *West Virginia University Hospital, Inc. v. Casey,* —— U.S. ——, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991); 28 U.S.C. § 1920. Moreover, in reviewing a district court's decision to grant or deny costs to the prevailing party, the Court of Appeals for the Seventh Circuit will reverse the district court's determination on the reasonableness and necessity of the expense only for an abuse of discretion. *See McIlveen v. Stone Container Corp.,* 910 F.2d 1581, 1582 (7th Cir.1990); *Weihaupt v. American Medical Ass'n,* 874 F.2d 419, 430 (7th Cir.1989), and *Illinois v. Sangamo Construction Co.,* 657 F.2d 855, 864 (7th Cir.1981).

In determining recoverable costs under Rule 54(d), the district court must look to 28 U.S.C. § 1920, which provides in pertinent part:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

### III.

■ As the prevailing party, defendant Subaru seeks costs in the amount of $2,722.86. Plaintiff Voight opposes Subaru's Bill of Costs on the grounds of indigency. The gravamen of the plaintiff's argument is that a multi-million dollar corporation such as Subaru would gain no benefit from an award of $2,722.86 in costs, but the imposition of such costs on him would operate as a penalty for pursuing a bona fide claim. While the plaintiff's indigency is a factor to be considered, it is certainly not dispositive of the issue of costs. *See Congregation of The Passion v. Touche, Ross & Co.,* 854 F.2d at 222; *Muslin v. Frelinghuysen Livestock Managers, Inc.,* 777 F.2d 1230, 1236 (7th Cir. 1985). Rather, the court will consider in turn each of Subaru's asserted claims to make a determination as to the reasonableness and necessity of the expense. *West Virginia University Hospital, Inc. v. Casey,* 111 S.Ct. at 1138; 28 U.S.C. § 1920.

■ Defendant Subaru seeks $759.25 for fees of the court reporter for any and all parts of the transcripts necessarily obtained for use in the case. Plaintiff Voight argues, first, that costs relating to depositions provided merely for the convenience of the attorney, or depositions that are purely investigative in nature are not recoverable. He asserts further that the $35.00 for copying of exhibits and the $61.25 for shipping and handling were merely for the convenience of the attorney, and, as such, are not recoverable as "costs" under either Rule 54(d) or 28 U.S.C. § 1920 and should therefore be denied.

According to Appendix A of Subaru's Bill of Costs, the following expenses constitute the claimed $759.25:

Court Reporter Transcript Costs

| | |
|---|---|
| —Lee Ashton | $285.00 |
| —Craig Edward Mikes | 112.50 |
| —Greg Smith | 120.00 |
| —Walter Brown | 145.00 |
| —Copying of Exhibits | 35.50 |
| —Shipping and Handling | 61.25 |

■ There can be no doubt that deposition transcripts are taxable under § 1920(2) as stenographic transcripts. *Hudson v. Nabisco Brands, Inc.,* 758 F.2d at 1242–43;

*SK Hand Tool Corp. v. Dresser Industries, Inc.,* 852 F.2d 936, 943 (7th Cir.1988), *cert. denied,* 492 U.S. 918, 109 S.Ct. 3241, 106 L.Ed.2d 589 (1989). Plaintiff Voight does not claim that deposition transcripts are not included in the term stenographic transcript. Rather, he argues that said transcripts were either merely for Subaru's convenience or purely investigative in nature. Subaru contends that the testimony of these witnesses was relevant to this action and was used in the dispositive motions filed with the court.

A review of Subaru's motion for summary judgment discloses that the testimony of these witnesses was not only relevant but necessarily obtained for use in the case. Thus, Subaru is certainly entitled to *at least* $662.50 for deposition expenses. Notwithstanding the fact that fees for copying of exhibits and for shipping and handling are not specifically enumerated in § 1920, the court concludes that these expenses also are recoverable as reasonably incurred court reporter fees. *See SK Hand Tool Corp. v. Dresser Industries, Inc.* 852 F.2d at 944. Therefore, defendant Subaru may also recover the $35.00 incurred for copying of exhibits as well as the $61.25 incurred for shipping and handling as fees of the court reporter for any and all parts of the transcripts necessarily obtained for use in the case. Accordingly, Subaru may recover the $759.25 claimed under § 1920(2).

The second expense claimed by Subaru is $478.80 for photocopying costs as fees for exemplification and copies of papers necessarily obtained for use in the case. According to Subaru, the total cost for copies is $957.60, one-half of which represents the cost of copies of papers necessarily obtained for use in the case. Plaintiff Voight contends that Subaru's failure to give a breakdown on the nature of the copies suggests that no records were actually retained, and that the court should, therefore, deny Subaru's claim for photocopying costs.

■ The taxing of costs for exemplification and copies of papers necessarily ob-

tained for use in the case is expressly provided for at § 1920(4) and should be awarded as long as the per copy charge is reasonable. *Independence Tube Corp. v. Copperweld Corp.*, 543 F.Supp. 706 (N.D.Ill.), *aff'd*, 691 F.2d 310 (7th Cir.1982), *rev'd on other grounds*, 467 U.S. 752, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984). Photocopying charges attributable to discovery and the court's copies of pleadings, motions, and memoranda are "reasonably necessary for use in the case" and can be awarded. However, extra copies of filed papers and correspondence, and copies of cases are not necessary but are for the convenience of the attorneys and are therefore not taxable. *Id.* at 722. Here, as indicated by plaintiff Voight, defendant Subaru has failed to provide the court with a breakdown of the copying charges. Of course, Subaru is not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs. *Northbrook Excess & Surplus v. Procter & Gamble*, 924 F.2d 633, 643 (7th Cir.1991). Rather, Subaru must provide the best breakdown obtainable from retained records. *See Levka v. Chicago*, 107 F.R.D. 230, 231 (N.D.Ill.1985). Because of Subaru's failure to provide the necessary documentation, the court is unable to determine whether the copies in question were reasonably necessary for use in the case. Thus, on its face, it would appear that said claim should be denied. However, because § 1920(4) clearly provides for costs incurred for exemplification and copies of papers, the court will defer ruling on this claim to allow Subaru an opportunity to provide the court with a breakdown on the nature of the copies, the number of copies, and a per copy charge. Failure to do so by February 14, 1992, will result in denial of the same.

Defendant Subaru's next claim is for costs incident to taking of depositions in the amount of $859.20. According to Subaru, the aforesaid expense was incurred by reason of the taking of the deposition of plaintiff Voight, the testimony of whom was certainly relevant to this action and proved instrumental in its motion for summary judgment. Plaintiff Voight argues for denial of Subaru's claim for costs incident to taking depositions for the reason that Subaru has failed to provide the court with a breakdown of the types of expenses included in this category.

It is well settled that the taxing of costs for depositions clearly falls within the general provisions of § 1920. *Hudson v. Nabisco Brands, Inc.*, 758 F.2d at 1237. However, notwithstanding the fact that costs for depositions are ordinarily recoverable, the question the court must answer is whether the deposition in question was necessarily obtained for use in the case.

 The determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use. *Independence Tube Corp. v. Copperweld Corp.*, 543 F.Supp. at 717–18. Furthermore, introduction of a deposition at trial is not a prerequisite for finding that it was necessary to take the deposition. *Hudson v. Nabisco Brands, Inc.*, 758 F.2d at 1243; *Illinois v. Sangamo Construction Co.*, 657 F.2d at 867. Moreover, the fact that a court disposes of a case at the summary judgment stage is no impediment to an award of costs for depositions, provided that they were otherwise reasonably necessary for use in the case. *Hudson v. Nabisco Brands, Inc.*, 758 F.2d at 1243 (citing *Jeffries v. Georgia Residential Finance Authority*, 90 F.R.D. 62, 63–64 (N.D.Ga.1981); *Brown v. Inter–Ocean Insurance Co.*, 438 F.Supp. 951, 955 (N.D.Ga. 1977); and *Fleischer v. A.A.P. Inc.*, 36 F.R.D. 31 (S.D.N.Y.1964).

 A review of Subaru's motion for summary judgment clearly reveals that the testimony of plaintiff Voight was not only necessary but extremely crucial to Subaru's case. Thus, because the deposition of the plaintiff was necessarily obtained for use in the case, Subaru is entitled to recover the claimed $859.20.

Lastly, Subaru seeks $625.61 as other costs. According to Appendix A of the Bill of Costs, the following expenses constitute the costs claimed in this category:

Other Costs
—Telephone $ 83.76
—Telecopy 126.00
—Courier 415.85

Plaintiff Voight asserts that the costs listed by Subaru as "other costs" should be denied because they are not enumerated in § 1920. In *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987), the Supreme Court found § 1920 to be an exhaustive list of costs taxable in favor of prevailing parties. Hence, because telephone, telecopy, and courier expenditures are not enumerated in § 1920 as taxable costs, this court is without authority to award them as such. *See Northbrook Excess & Surplus v. Procter & Gamble*, 924 F.2d at 643. Accordingly, Subaru's claim for "other costs" must be denied.

### IV.

Based on the foregoing, defendant Subaru's Bill of Costs is approved in the amount of $1,618.45. Final entry of judgment of cost is deferred to allow defendant Subaru an opportunity to supplement its claim for photocopying costs. Failure of Subaru to supplement its claim by February 14, 1992, will result in the denial of the same. IT IS SO ORDERED.