John **BRAXTON**

v.

**UNITED PARCEL SERVICE, INC., et al.**

Civ. A. No. 91–3950.

United States District Court,
E.D. Pennsylvania.

May 6, 1993.

Judith Brown Chomsky, Philadelphia, PA, for plaintiff.

Richard H. Markowitz, Markowitz & Richman, Philadelphia, PA, for Teamsters Union Local 623.

Martin Wald, Philadelphia, PA, for United Parcel.

### MEMORANDUM

DALZELL, District Judge.

Plaintiff John Braxton brought this action against defendants United Parcel Service, Inc. ("UPS") and Teamsters Union Local 623 ("the Local"), alleging that the defendants violated his rights under the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a), and the Labor Management Re-

porting and Disclosure Act, 29 U.S.C. § 411.[1] We entered summary judgment in favor of UPS and the Local on September 29, 1992, 806 F.Supp. 537 (E.D.Pa.1992). Braxton did not appeal.

Pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920, the Local filed a bill of costs with the Clerk of Court on October 20, 1992, and UPS submitted a bill of costs on January 7, 1993. Among the costs the Local and UPS sought were the costs of depositions, photocopying, and witness fees. Braxton filed objections to both bills of cost on February 8, 1993. Two days later, the Clerk of Court held a telephone conference to discuss the issues Braxton had raised in his objections, and on March 25, 1993, the Clerk issued an Order taxing costs in favor of UPS in the amount of $11,541.95 and in favor of the Local in the amount of $5,263.84.

Now before us is Braxton's "motion in support of a review of the clerk's taxation of costs". For the following reasons, we will grant Braxton's motion and decrease the total taxation of costs to five thousand dollars, an amount we consider equitable under the circumstances.

■ Fed.R.Civ.P. 54(d) provides in pertinent part that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs". In determining recoverable costs, the Court must look to 28 U.S.C. § 1920, which describes six specific categories of fees and expenses that "[a] judge or clerk of any court of the United States may tax as costs".

■ Both the Federal Rule and the statute are phrased in permissive terms, giving courts discretion to determine whether and to what extent they should award costs to a prevailing party. See Croker v. Boeing Co. (Vertol Div.), 662 F.2d 975 (3d Cir.1981) (courts have discretion in awarding costs) (citing Farmer v. Arabian American Oil Co., 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964)); Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d

§ 2668 (1983). "[W]hen a district court finds that the prevailing party is not entitled to its costs, [however,] it should support that determination with an explanation." ADM Corp. v. Speedmaster Packaging Corp., 525 F.2d 662, 664–65 (3d Cir.1975).

■ Our Court of Appeals has stated that a court need not award costs if it finds that such an award would be "inequitable". Friedman v. Ganassi, 853 F.2d 207, 211 (3d Cir.1988). Although Friedman does not provide us with any guidance in determining just what constitutes an "inequitable" award of costs, the jurisprudence in other Circuits, as well as our sense of equity, ensure that we do not proceed blindly.

Equitable factors in such cases do not readily lend themselves to formulae, and thus courts can be forgiven for sometimes lapsing into circular generalizations in deciding issues like this (see, e.g., "considerations of fairness or reasonableness ... which would make it unfair or unreasonable to charge a certain party with the costs of the other party", Williams v. Hevi–Duty Electric Co., 122 F.R.D. 206, 214 (M.D.Tenn.1988)). The inequity we seek to avoid here stems from the disparity of resources. Braxton is an individual plaintiff of modest means who has pursued a legitimate claim in good faith, but who under the Clerk's order would be required to shoulder not only his own substantial litigation expenses but also the litigation costs of his large and wealthy adversaries. The Court of Appeals for the Seventh Circuit agrees that such an award is instinctively unfair, and has therefore held that "the losing party's inability to pay will suffice to justify denying costs." Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co., 854 F.2d 219, 222 (7th Cir.1988); see also Williams, supra, 122 F.R.D. at 214 ("[A] losing party may ... be so poor that it would be unfair or unreasonable to make him pay costs—especially when his case was brought in good faith and with a reasonable chance of winning.").[2]

---

1. Braxton also named the International Brotherhood of Teamsters and the Eastern Conference of Teamsters as defendants in his complaint, but on April 24, 1992, he entered into a stipulation of dismissal with these two defendants pursuant to Fed.R.Civ.P. 41(a)(1).

2. Although the losing party is indigent in most cases in which courts take the losing party's

Apart from our concern regarding the inherent injustice of taxing costs to plaintiffs with few resources who have pursued claims in good faith, we are also troubled by the distinct possibility that the "fear of [our] imposition of astronomical costs" will become "a deterrent against the assertion of legitimate disputes", *Farmer v. Arabian American Oil Co.*, 31 F.R.D. 191, 193 (S.D.N.Y. 1962), and will "chill individual litigants of modest means seeking to vindicate their individual and class rights ..." *Schaulis v. CTB/ McGraw–Hill, Inc.*, 496 F.Supp. 666, 680 (N.D.Cal.1980).

In the case at hand, since Braxton is not indigent, justice does not seem to us to demand that costs be denied altogether. We seek, rather, a level that is equitable. Braxton is a teacher at the Community College of Philadelphia. Braxton's first affidavit at ¶ 3, Exhibit A to Plaintiff's motion. For the 1992–1993 school year, he will earn a total of $32,600.00. *Id.* at ¶ 5.[3] Neither Braxton nor his wife have secured full-time teaching positions for the 1993–1994 school year. *Id.* at ¶¶ 6–7, 12. Moreover, Braxton still owes his lawyer over $52,000.00 for her work in this litigation. Braxton's second affidavit at ¶¶ 3–4, Exhibit C to Plaintiff's reply brief. In Braxton's own words, the imposition of an additional $16,805.79 in costs would cause him "significant financial hardship". *Id.* at 7.

In contrast to Braxton, UPS is said by *Forbes* magazine to be the third largest private company in America. See listing in November 20, 1992 *Forbes*. UPS's results for 1992 showed revenues of $16.5 billion and earnings of $516.2 million. *The Atlanta Constitution*, April 6, 1993, Section E, p. 3. The Local is an unincorporated part of one of the nation's major labor unions. UPS and the Local thus have significant funds at their

disposal and will suffer little from a reduction in their recovery.

The huge disparity of economic resources in this case is similar to that in *Schaulis, supra*, 496 F.Supp. 666, a case in which an individual employee sued her corporate employer for discrimination. In that case, the court held that:

> [t]o approve the cost bill proposed by defendant in the amount of $1400 would lead to a harsh result when plaintiff is an individual litigant and defendant is a large corporation. This case has been vigorously litigated, and this Court concludes that it would place an undue burden to tax cost against plaintiff.

496 F.Supp. at 680. Although *Schaulis* is only persuasive authority, we find its rationale compelling.

Our case, like *Schaulis*, has been "vigorously litigated"—so energetically, in fact, that UPS and the Local incurred over ten times the costs that the *Schaulis* defendants sought. Because we find that imposing these crushing costs on Braxton would be "inequitable" under the circumstances, *see Friedman, supra*, 853 F.2d at 211, we will not require Braxton to reimburse the defendants for all of their costs. Instead, we will only require Braxton to pay the defendants a total of five thousand dollars, taxed in proportions consistent with the distribution of the Clerk's award. Costs will therefore be taxed in favor or UPS for $3,434.00 and in favor of the Local for $1,566.00.[4]

An appropriate Order follows.

---

ability to pay into consideration, *see, e.g., Voight v. Subaru–Isuzu Automotive, Inc.*, 141 F.R.D. 99 (N.D.Ind.1992); *Action Alliance For Senior Citizens, Inc.*, 74 F.R.D. 617 (E.D.Pa.1977), these cases also typically involve much smaller sums than the $16,805.79 at issue here. *See Voight, supra*, 141 F.R.D. at 104 ($1,618.45 at issue); *Action Alliance, supra*, 74 F.R.D. at 619 ($1,013.25 at issue).

3. Braxton's wife, a kindergarten teacher, will earn an equivalent sum during that same period, *id.* at ¶¶ 10–11, but this litigation had nothing to do with her interests, and so her income is irrelevant to this appraisal.

4. Even if we were to disregard the equitable considerations in this case, we would take issue with the Clerk of Court's decision to tax all of the defendants' deposition costs to Braxton. Although we agree with the Clerk's taxation of

Dennis Laczo's and Braxton's deposition transcripts, we believe that the other depositions were "investigatory" in nature, and, therefore, we would refuse to tax these costs. *See* Wright,

Miller & Kane, Federal Practice and Procedure: Civil 2d, § 2676. Such a reduction would decrease defendants' recovery by over $3,800.00.