Nancy O'Mara EZOLD,

v.

**WOLF, BLOCK, SCHORR AND SOLIS–COHEN.**

Civ. A. No. 90–0002.

United States District Court, E.D. Pennsylvania.

April 28, 1994.

---

Daniel M. Jaffe, Philadelphia, PA, Judith P. Vladeck, Debra L. Raskin, Michael B. Ranis, Vladeck, Waldman, Elias & Engelhard, P.C., New York City, for plaintiff.

Mark S. Dichter, Ian A.L. Strogatz, M. Norman Goldberger, Wolf, Block, Schorr & Solis–Cohen, Arlin M. Adams, Schnader Harrison Segal & Lewis, Philadelphia, PA, for defendant.

## MEMORANDUM

JAMES McGIRR KELLY, District Judge.

Presently before the Court is Plaintiff Nancy O'Mara Ezold's Motion for Review of the Clerk's Taxation of Costs pursuant to Federal Rule of Civil Procedure 54(d).

### A. BACKGROUND AND PROCEDURAL HISTORY

On November 29, 1990, after a bench trial, this Court found that the defendant law firm of Wolf, Block, Schorr and Solis–Cohen ("Wolf, Block") had violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq,* ("Title VII") by deny-

ing Ezold partnership on the basis of her sex. Judgment was entered in favor of Ezold on July 23, 1991. The Court of Appeals for the Third Circuit reversed this Court's decision, and judgment was entered for Wolf, Block on February 11, 1993. On October 4, 1993, the United States Supreme Court denied Ezold's petition for *certiorari*.

On March 12, 1993, Wolf, Block filed a bill of costs. Wolf, Block filed a brief in support of its bill of costs on November 8, 1993, and Ezold filed a response. The Clerk of Court held a telephone conference, and on February 8, 1994, he issued an Order taxing costs in favor of Wolf, Block in the amount of $37,633.09 (the "Judgment"). In her motion, Ezold requests the Court to review the Clerk's Taxation and to modify the Judgment to deny an award of trial costs to Wolf, Block.[1]

## B. *DISCUSSION*

### 1. **Applicable Law**

█ The Taxation is subject to *de novo* review by this Court. *Signal Delivery Serv., Inc. v. Highway Truck Drivers & Helpers Local No. 107*, 68 F.R.D. 318, 321 (E.D.Pa. 1975). Fed.R.Civ.P. 54(d) sets out the standard for district courts to apply when awarding taxable costs. *Friedman v. Ganassi*, 853 F.2d 207, 209 (3d Cir.1988), *cert. denied*, 488 U.S. 1042, 109 S.Ct. 867, 102 L.Ed.2d 991 (1989). Rule 54(d) provides in pertinent part:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs....

Congress has enumerated six categories of fees and expenses that "a judge or clerk of any court of the United States may tax as costs." *See* 28 U.S.C. § 1920 (West 1993). █ Prevailing parties are presumptively entitled to costs under Rule 54(d). *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352, 101 S.Ct. 1146, 1150, 67 L.Ed.2d 287 (1981). The Court of Appeals for the Third Circuit

has emphasized that "[c]osts, unlike attorney's fees, are awarded to a prevailing party as a matter of course unless the district court directs otherwise." *Croker v. Boeing Co.*, 662 F.2d 975, 998 (3d Cir.1981). At the same time, an award of costs is within the sound discretion of the district court. *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 233–34, 85 S.Ct. 411, 415, 13 L.Ed.2d 248 (1964); *Copperweld Steel Co. v. Demag–Mannesmann–Bohler*, 624 F.2d 7, 9 (3d Cir. 1980). "The particular circumstances of a case may permit a district court to refuse to award costs altogether or to apportion them between the parties." *Croker*, 662 F.2d at 998. A district court that finds that a prevailing party is not entitled to costs must articulate reasons for its determination. *ADM Corp. v. Speedmaster Packaging Corp.*, 525 F.2d 662, 664–65 (3d Cir.1975).

█ In the Third Circuit, although costs are normally awarded "as of course", a district court need not award costs if it finds that such an award would be inequitable. *Friedman v. Ganassi*, 853 F.2d 207, 211 (3d Cir.1988). A losing party may overcome the presumption favoring an award of costs by showing bad faith, misconduct, the unjustness of an award, or other circumstances justifying a penalty. *See* L. Bartell, Taxation of Costs and Awards of Expenses in Federal Court, 101 F.R.D. 553, 561–63 (1984). Ezold argues that it is inequitable for her to be liable for Wolf, Block's significant trial costs. Specifically, she contends that the disparity in the parties' financial resources, the difficult issues of significant public concern raised by her lawsuit, and Wolf, Block's efforts during the litigation to chill the rights of interested parties are circumstances that weigh heavily against the assessment of costs.

Wolf, Block argues that, by directing that costs be taxed against Ezold, the Third Circuit found that there were no equitable considerations which overcame the strong presumption favoring an award of costs to them as the prevailing party. Wolf, Block notes that the Third Circuit has repeatedly held

---

1. The Taxation in favor of Wolf, Block and against Ezold was in the amounts of $12,810.25 for appeal costs and $24,822.84 for trial costs.

Ezold does not seek review of the appeal costs. She challenges the $24,822.84 award of trial costs.

that, if it would be inequitable to award costs to a prevailing party, it will direct each party to bear its own costs. *See Clark v. Township of Falls,* 890 F.2d 611, 625 (3d Cir.1989). Thus, the law firm argues, the Third Circuit necessarily found that the equitable considerations in Ezold's case did not overcome the presumption that costs should be taxed against the losing party.

■ This argument is without merit. The disposition of an appeal is determinative only of the assessment of appellate costs. *See Studiengesellschaft Kohle v. Eastman Kodak Co.,* 713 F.2d 128, 131 (5th Cir.1983); *Unity Ventures v. County of Lake,* 1989 WL 88245, at *2 (N.D.Ill. July 31, 1989). An appellate decision has no relevance to the assessment of costs at the trial level. *Studiengesellschaft Kohle,* 713 F.2d at 131; *Unity Ventures,* 1989 WL 88245, at *2.

■ Wolf, Block also argues that a denial of costs to the prevailing party is "in the nature of a penalty for some defection on his part in the course of the litigation." *Institutionalized Juveniles v. Secretary of Pub. Welfare,* 758 F.2d 897, 926 (3d Cir.1985) (citation omitted) (examples of defection for which prevailing party would be denied costs include needlessly bringing or prolonging litigation). However, in view of the discretion given district courts by Rule 54(d), and because a district court need not award costs if it finds it would be inequitable, the Court finds that a defection on the part of the prevailing party is only one reason to deny costs to a prevailing party. *See Friedman v. Ganassi,* 853 F.2d 207, 211 (3d Cir.1988).

Accordingly, this Court will exercise its discretion to review the costs assessed by the Clerk of Court. For the reasons discussed below, I find that equitable considerations weigh against awarding full costs to Wolf, Block.

## 2. Equitable Considerations

■ Ezold argues that the prevailing party should bear its own costs when there is a significant disparity in the parties' financial resources. The Circuit Courts are split as to whether disparity in resources is a valid consideration in awarding costs. Several Circuits have considered a losing plaintiff's limited resources in awarding costs. *See, e.g., Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.,* 854 F.2d 219, 222 (7th Cir.1988); *Wrighten v. Metropolitan Hospitals, Inc.,* 726 F.2d 1346, 1358 (9th Cir.1984); *Cross v. General Motors Corp.,* 721 F.2d 1152, 1157 (8th Cir.1983), *cert. denied,* 466 U.S. 980, 104 S.Ct. 2364, 80 L.Ed.2d 836 (1984).

Wolf, Block responds that a disparity in resources should not have any bearing on the prevailing party's entitlement to recover its costs. *See, e.g., In re San Juan Plaza Hotel Fire Litigation,* 994 F.2d 956, 967 (1st Cir. 1993); *White & White, Inc. v. American Hosp. Supply Corp.,* 786 F.2d 728, 731 (6th Cir.1986). Wolf, Block further argues that courts normally consider disparity of income only when the losing plaintiff is either indigent or has limited resources, neither situation being applicable to Ezold.

In a recent decision, Judge Dalzell found that it would be inherently unjust to tax full costs to an "individual plaintiff of modest means who has pursued a legitimate claim in good faith." *Braxton v. United Parcel Service, Inc.,* 148 F.R.D. 527, 528 (E.D.Pa.1993). After comparing the plaintiff's annual income and the debts he had incurred in the litigation with the resources available to defendant United Parcel Service, Judge Dalzell significantly reduced the Clerk's taxation of costs to "a level that is equitable." *Id.* at 529. Furthermore, although many of the cases in which courts allowed consideration of disparity of resources in assessing costs involved indigent plaintiffs or plaintiffs of limited resources, the costs involved in those cases were considerably lower than the costs at issue in this case. *See, e.g., Voight v. Subaru–Isuzu Automotive, Inc.,* 141 F.R.D. 99, 102 (N.D.Ind.1992) ($1,618.45); *Wrighten v. Metropolitan Hospitals, Inc.,* 726 F.2d at 1357 ($7,397.95); *Cross v. General Motors Corp.,* 721 F.2d at 1157 ($290.82); *Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp,* 74 F.R.D. 617, 619 (E.D.Pa.1977) ($1,103.25).

I too find that it is appropriate to consider the parties' disparity of resources in assessing costs. Ezold is a solo practitioner of

comparatively modest means.[2] Wolf, Block is a large, corporate law firm employing more than 170 attorneys. Ezold has pursued a legitimate claim at a high financial cost. The $24,822.84 assessment of trial costs is a substantial amount of money by any standard. She has already paid tens of thousands of dollars for litigation expenses, and she still owes almost $20,000 to her attorneys for litigation costs. She also owes $12,810.14 for Wolf, Block's appeal costs. To add an additional $24,822.84 for Wolf, Block's trial costs would place a burden on Ezold that is inequitable under the circumstances of this case.

■ Next, Ezold argues that the Court should not assess costs against her because her suit raised issues of important public concern. *See e.g., Rural Housing Alliance v. United States Dept. of Agriculture*, 511 F.2d 1347, 1350 (D.C.Cir.1974) (court should exercise "discretion in a way which will not discourage representatives of divergent aspects of the public good from pursuing their claims in court"); *Christoforou v. Ryder Truck Rental, Inc.*, 668 F.Supp. 294, 304 (S.D.N.Y. 1987) (nonfrivolous nature of lawsuit and "the important public interest served by the pursuit of colorable Title VII claims" were factors in denying costs). In response, Wolf, Block argues that the Third Circuit has rejected the argument that "costs should be assessed against a losing Title VII plaintiff only when the plaintiff has brought an action that is frivolous, unreasonable, or without foundation." *Croker v. Boeing Co.*, 662 F.2d 975, 998 (3d Cir.1981). Wolf, Block further notes that the *Croker* court held that "Title VII plaintiffs enjoy no blanket protection from the provisions of Rule 54(d)." *Id.*

According to the Third Circuit, Ezold's case presented "important issues that cut across the spectrum of discrimination law." *Ezold v. Wolf, Block, Schorr and Solis-Cohen*, 983 F.2d 509, 512 (3d Cir.1992), *cert. denied*, — U.S. ——, 114 S.Ct. 88, 126 L.Ed.2d 56 (1993). It was also the first case in which allegations of discrimination arising from a law firm partnership admission deci-

sion were reviewed at the appellate level after a trial. *Id.* The case attracted widespread attention in the popular press and in the legal profession. Considering the large numbers of women who have entered the legal profession over the past few years and the comparatively small number of female partners, Ezold clearly raised a significant issue of public concern.

■ Furthermore, this was not a frivolous case. The Court of Appeals agreed with this Court's conclusion that Ezold demonstrated a prima facie case. The Court of Appeals wrote:

> The parties do not dispute the district court's conclusion of law that Ezold demonstrated a prima facie case, in particular that she was 'qualified' for admission to the partnership. While 'more than a denial of promotion as a result of a dispute over qualifications' must be shown to prove pretext, such a dispute will satisfy the plaintiff's prima facie hurdle of establishing qualification as long as the plaintiff demonstrates that '[s]he was sufficiently qualified to be among those persons from whom a selection, to some extent discretionary, would be made.' (citations omitted).

*Ezold*, 983 F.2d at 523. Although it is true that there is no blanket protection for Title VII plaintiffs against the assessment of costs under Rule 54(d), it is also true this Court may refuse to award costs altogether or may apportion them between the parties depending on the circumstances of a case. *Croker*, 662 F.2d at 998.

■ Finally, Ezold argues that the Court should order each party to bear its own costs because it was a "close case." *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir.1986); *Allstate Ins. Co. v. Michigan Carpenters' Council Health & Welfare Fund*, 760 F.Supp. 665, 670 (W.D.Mich.1991). She argues that it is inequitable to assess costs to a losing plaintiff where the legal issue in dispute is close and difficult. *Michigan Carpenters' Council*, 760 F.Supp. at 670. Wolf, Block responds that

---

**2.** The parties filed their briefs regarding this Court's review of the Taxation under seal. After review, the Court determines that Ezold's salary for the past two years, is at best, moderate for an attorney of her experience.

**18**

the Third Circuit's unanimous finding that there was no evidence of sex discrimination and its decision to enter judgment against Ezold rather than remand for a new trial indicate that this was not a close case.

This case raised complex and difficult legal issues regarding proof of discrimination against professional employees. Moreover, Ezold prevailed at the district court level, and lost only after appellate review. This was a close case.

## C. CONCLUSION

■ The Court finds that the Clerk of Court's Taxation is fundamentally reasonable. However, it would be inequitable in the circumstances of this case to award full costs to Wolf, Block. There is a great disparity in resources between Ezold and Wolf, Block. Ezold has already shouldered significant costs and she still owes a substantial amount of money for litigation costs. In challenging the problem of discrimination at high professional levels, she raised an issue of public concern. It was a close case, concerning difficult legal issues regarding proof of discrimination, in which she prevailed in the district court. I am concerned that the fear of astronomical costs not become a "deterrent against the assertion of legitimate disputes." *See Braxton*, 148 F.R.D. at 529 (quoting *Farmer v. Arabian American Oil Co.*, 31 F.R.D. 191, 193 (S.D.N.Y.1962)).

On the other hand, Ezold is neither indigent nor has she argued that she is unable to pay these costs. Therefore, the Court finds it equitable that Wolf, Block's trial costs be apportioned equally between the parties. Accordingly, each party will be ordered to pay $12,411.42 of Wolf, Block's trial costs.

An appropriate Order follows.

## ORDER

AND NOW, this 25th day of April, 1994, in consideration of Plaintiff Nancy O'Mara Ezold's Motion for Review of the Clerk's Taxation of Costs and Defendant Wolf, Block, Schorr and Solis–Cohen's Response thereto, and for the reasons set forth in the foregoing memorandum, it is hereby ORDERED that the February 8, 1994 Judg-

ment of the Clerk of Court is MODIFIED as follows: (1) Trial costs are entered against Defendant Wolf, Block, Schorr and Solis–Cohen and in favor of Nancy O'Mara Ezold in the amount of $12,411.42; and (2) judgment is entered in favor of Defendant Wolf, Block, Schorr and Solis–Cohen and against Nancy O'Mara Ezold in the following amounts:

| | | |
|---|---|---|
| Appeal Costs | : | $12,810.25 |
| Trial Costs | : | + 12,411.42 |
| Total Judgment | : | $25,221.67 |