Robert V. KROUSE, Plaintiff,

v.

AMERICAN STERILIZER COMPANY, Defendant.

Civil Action No. 93–313 Erie.

United States District Court, W.D. Pennsylvania.

May 6, 1996.

---

Wayne G. Johnson, Gifford, Lay & Johnson, Erie, PA, for Robert V. Krouse.

Robert V. Krouse, Erie, PA, pro se.

Douglas G. Smith, Andrea R. Clark, Jackson, Lewis, Schnitzler & Krupman, Pittsburgh, PA, Stephen X. Munger, Lisa A. Schreter, Jackson, Lewis, Schnitzler & Krupman, Atlanta, GA, for American Sterilizer Company.

## MEMORANDUM

McLAUGHLIN, District Judge.

This was an action under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. The Plaintiff, Robert Krouse, alleged that his employer, the Defendant, American Sterilizer Company ("AMSCO"), improperly failed to accommodate him on the basis of a disability and improperly changed his work assignment. *See Krouse v. American Sterilizer Co.*, 872. F.Supp. 203, 204 (W.D.Pa. 1994). On August 8, 1995, this Court dismissed this action because of the failure of Krouse and his counsel to prosecute it.[1] AMSCO then asked that the Clerk of this Court tax costs in its favor and against Krouse in the amount of $10,637.85. The Clerk indicated on October 12, 1995 that he would tax only $1,379.10 and disallowed the remainder of AMSCO's request. AMSCO subsequently decreased its request to $7,309.95 and moved for review by this Court of the Clerk's determination. For the reasons that follow, this Court will enter judgment in AMSCO's favor for $2,504.30.

## I. STANDARD OF REVIEW

 This Court conducts a de novo review of the Clerk's award of costs. *Ezold v. Wolf,*

---

1. Krouse and his counsel ignored this Court's deadline for submission of both the pretrial narrative statement required by Local Rule 16.1.4A of this Court and a response to the motion of the Defendant, American Sterilizer Company, for summary judgment. They also disregarded a number of reminders and warnings from this Court relative to the submission of these documents.

*Block, Schorr & Solis–Cohen,* 157 F.R.D. 13, 15 (E.D.Pa.1994); *see Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 233, 85 S.Ct. 411, 415, 13 L.Ed.2d 248 (1964).

## II. *DISCUSSION*

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure a party prevailing in an action may recover its costs related to the litigation as provided in 28 U.S.C. § 1920, by another statute, or by contract. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 445, 107 S.Ct. 2494, 2499, 96 L.Ed.2d 385 (1987). AMSCO is the prevailing party in this litigation.[2] It has identified three categories in which it believes that it is entitled to an award of costs: deposition expenses pursuant to § 1920(2); copying charges under § 1920(4); and fees for expert witnesses pursuant to § 1920(3).

### A. *Deposition expenses*

Section 1920(2) allows taxation of "Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." AMSCO seeks to recover $3,250.65, which is the cost of the stenographer's attendance at the depositions of Krouse, Douglas Bird, Dr. Joseph Carvelli, Dr. Daniel Young, Dr. George Bohatiuk, and Dr. Joseph Ferris; the original transcription of these depositions; and one additional copy of each transcript. The Clerk awarded only $1,259.10.

■ "Depositions used in support of a motion for summary judgment are necessarily obtained for use in a case." *Fitchett v. Stroehmann Bakeries, Inc.,* Civ.A. No. 95–284, 1996 WL 47977, at *4 (E.D.Pa. Feb. 5, 1996) (citing *Hudson v. Nabisco Brands, Inc.,* 758 F.2d 1237, 1243 (7th Cir.1985) and *Jeffries v. Georgia Residential Finance Authority,* 90 F.R.D. 62, 63 (N.D.Ga.1981), *cert. denied,* 459 U.S. 971, 103 S.Ct. 302, 74 L.Ed.2d 283 (1982)). One copy of each transcript for which AMSCO seeks to recover costs was included in the appendix to AMSCO's motion for summary judgment. Had Krouse and his attorney responded to that motion, this Court might have needed to refer to the transcripts in disposing of the motion. The motion could well have been granted on the merits. *See* Fed.R.Civ.P. 11(b) (certification of counsel that motion comports with requirements of Rule is inherent in signed motion).

■ Therefore, the amount requested for attendance fees and the costs of the original transcripts are taxable. However, the costs of the additional copy of each transcript will not be taxed. Because this action proceeded no further than summary judgment, additional copies of the transcripts were not necessary or useful to this Court or any other finder of fact.

The judgment will reflect the following amounts:

| Deposition of Robert V. Krouse (v.I): | | |
| --- | --- | --- |
| attendance: | $ 90.00 | |
| first copy: | 451.20 | |
| TOTAL | | $ 541.20 |
| | | |
| Deposition of Robert V. Krouse (v.II): | | |
| attendance: | $ 41.90 | |
| first copy: | 191.40 | |
| TOTAL | | $ 233.30 |
| | | |
| Deposition of Douglas Bird: | | |
| attendance: | $ 50.25 | |
| first copy: | 266.20 | |
| TOTAL | | $ 316.45 |
| | | |
| Deposition of Dr. Joseph Carvelli: | | |
| attendance: | $ 58.70 | |
| first copy: | 314.60 | |
| TOTAL | | $ 373.30 |
| | | |
| Deposition of Dr. Daniel Young: | | |
| attendance: | $117.25 | |
| first copy: | 391.60 | |
| TOTAL | | $ 508.85 |
| | | |
| Deposition of Dr. George Bohatiuk: | | |
| attendance: | $ 33.50 | |
| first copy: | 68.20 | |
| TOTAL | | $ 101.70 |
| | | |
| Deposition of Dr. Joseph Ferris: | | |
| attendance: | $ 58.70 | |
| first copy: | 250.80 | |
| TOTAL | | $ 309.50 |
| | | |
| GRAND TOTAL | | $2,384.30 [3] |

---

**2.** Krouse argues that AMSCO is not the prevailing party and no award of costs is appropriate. He suggests that this is so because he could voluntarily have dismissed this action at any time prior to this Court's doing so. AMSCO was clearly the prevailing party. Moreover, as Krouse has not complied with the procedure provided in F.R.Civ.P. 54(d)(1) for review of the Clerk's award of costs, this Court need not consider this argument or any other objection that Krouse has raised to the Clerk's decision. The inquiry here is only to those objections raised by AMSCO.

**3.** Although the Clerk awarded a lower amount, his methodology was correct. In AMSCO's origi-

### B. *Copying charges*

Section 1920(4) allows taxation of "Fees for exemplification and copies of papers necessarily obtained for use in the case." AMSCO seeks to recover $834.30 in copying costs. These costs include $655.60 for copies of AMSCO's pleadings and motions filed with this Court, served on Krouse, and retained by AMSCO;[4] $3.00 for copies of discovery documents served by AMSCO on Krouse; and $175.70 for copies of original documents produced by Krouse during discovery. AMSCO seeks to tax these copies at the rate of $0.10 per page. The Clerk disallowed this item in its entirety. He determined that it represented "normal office expenses and the costs of litigating." Clerk's Letter to Counsel, 10/12/95, at 2.

■ This Court upholds the Clerk's determination with regard to AMSCO's pleadings and motions. Although the law on taxation for copies of exhibits for summary judgment is not well established, *compare Garonzik v. Whitman Diner*, 910 F.Supp. 167, 172 (D.N.J.1995) (applying District of New Jersey's Rule 23G.9, which allows taxation only when opposing counsel has requested that original not be used *and* copy is actually introduced into evidence or "necessarily attached" to document filed in support of dispositive motion) *with Fitchett*, 1996 WL 47977, at *6 ("Costs incurred compiling exhibits in support of a motion for summary judgment are generally taxable."), this Court would be inclined to allow taxation of the costs of these copies for the same reasons stated *supra* with regard to deposition expenses. However, there appears to be no authority in this Circuit to support AMSCO's claim· for the cost of copying its pleadings or

for the cost of any copies retained by AMSCO. *But cf. State of Illinois v. Sangamo Construction Co.*, 657 F.2d 855, 867 (7th Cir. 1981) (allowing taxation of costs of copying pleadings). The Clerk is correct that these copying costs are part of the normal overhead of litigation and are not recoverable. In its bill of costs, AMSCO has not distinguished between the costs of copying the exhibits and the costs of copying its pleadings. Therefore, no amount will be taxed for this item.

■ For similar reasons, this Court will also uphold the Clerk's determination with regard to AMSCO's copying of its own discovery documents and of documents produced by Krouse during discovery. AMSCO has not demonstrated how these materials were necessary to the case given the posture in which it terminated.[5]

### C. *Fees for expert witnesses*

Section 1920(3) allows taxation of "Fees and disbursements for printing and witnesses." AMSCO seeks to recover $3,225.00 in fees paid to three expert witnesses. The Clerk determined that AMSCO was entitled to only $120.00. It calculated this amount at one day's fees for each witness at the rate of $40.00 per day.

■ The Clerk was correct. In *Crawford Fitting*, the Court rejected the suggestion that a district court had inherent discretion under Rule 54(d) to award witness fees to a prevailing party in excess of the amount provided by § 1920. 482 U.S. at 441–42, 107 S.Ct. at 2497–98. Section 1920(3) provides for the recovery of only those witness fees

---

4. This amount would appear to reflect four sets of copies of 1,639 pages at $0.10 per page. Because this case was listed on this District's Erie docket, Local Rule 3.1 required that all motions or pleadings be filed in duplicate.

5. It is probably worth noting that, if the reasoning of note 4, *supra*, is correct, the 1,757 pages of documents copied during discovery exceed in number the 1,639 pages of motions and pleadings actually filed. Obviously, not all of these copies could have been necessary.

---

nal request, it sought to recover the cost of obtaining transcripts on an expedited basis. The Clerk properly disallowed the costs of expedition, and AMSCO does not pursue that portion of its claim here. As originally submitted, AMSCO's documentation did not distinguish between the costs of expedition and the normal costs of preparing the original transcript. Therefore, the Clerk awarded an amount equal to the stenographer's attendance fee and the additional copy of each deposition. AMSCO has now offered additional documentation to clarify the record.

allowed by 28 U.S.C. § 1821(b). *Id.* at 440–41, 107 S.Ct. at 2496–97. Section 1821(b) now provides for witness fees of $40 per day. Thus, the $120.00 figure for three witness-days is appropriate.

AMSCO recognizes this limitation but suggests that the ordinary limit of § 1821 is statutorily modified in this case by 42 U.S.C. § 1988(c): [6]

> In awarding an attorney's fee under subsection (b) of this section in any action or proceeding to enforce a provision of section 1981 or 1981a of this title, the court, in its discretion, may include expert fees as part of the attorney's fee.

In paragraph 28 of his Complaint, Krouse cited to 42 U.S.C. § 1981a as authority for this Court to grant him the relief he sought. Thus, § 1988(c) gives this Court some authority to award expert witness fees in litigation of this nature. *See also* 42 U.S.C. § 12117(a) (powers, remedies, and procedures of, inter alia, 42 U.S.C. § 2000e–5 available in actions under ADA); *id.* at § 2000e–5(k) ("In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee (including expert fees) as part of the costs....").

■ However, for two reasons, these statutes do not authorize the recovery that AMSCO seeks. First, AMSCO is not entitled to these fees as a matter of substantive law. Both § 1988(c) and § 2000e–5(k) authorize awards of expert fees as part of the attorney's fee. In an employment discrimination action, such fees "cannot be awarded against a plaintiff absent a finding that the suit was frivolous, unreasonable, or without foundation." *Commonwealth of Pennsylvania v. Flaherty*, 40 F.3d 57, 60 (3d Cir.1994). AMSCO is, of course, a prevailing defendant seeking to recover fees from a plaintiff. The record before this Court on this review con-

tains no evidence from which to draw the necessary conclusion.

■ Second, AMSCO has not properly invoked this Court's authority to award expert witness fees. In 1993, Rule 54(d) was amended to provide different procedures for a prevailing party's recovery of attorney's fees, where appropriate, than for recovery of other costs. *See* Advisory Committee Notes to 1993 Amendments of Rule 54 ("Notes"). Under Rule 54(d)(1), judgment for taxable costs other than attorney's fees may still be entered by the clerk, subject to review by the district court. Rule 54(d)(2) requires that a party seeking to recover attorney's fees file a motion directed to the court within 14 days of entry of judgment. Its drafters explained that it was adopted to

> establish[ ] a procedure for presenting claims for attorney's fees, whether or not denominated as "costs." It applies also to requests for reimbursement of expenses, not taxable as costs, *when recoverable under governing law incident to the award of fees.* Cf. *West Virginia Univ. Hosp. v. Casey*, 499 U.S. 83 [111 S.Ct. 1138, 113 L.Ed.2d 68] (1991), holding, prior to the Civil Rights Act of 1991, that expert witness fees were not recoverable under 42 U.S.C. § 1988.

Notes (emphasis added). The two sets of procedures are not interchangeable; applications for attorney's fees are explicitly excluded from the operation of Rule 54(d)(1). *See* Notes.

The natures of these two types of relief give rise to the need for different procedures by which to obtain them. Costs other than attorney's fees are allowed a prevailing party "more or less as a matter of course," *S.A. Healy Co. v. Milwaukee Metropolitan Sewerage District*, 60 F.3d 305, 308 (7th Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 566, 133 L.Ed.2d 491 (1995), and, under *Crawford Fitting*, are narrowly limited by § 1920. The Clerk's determination is subject to de novo

---

**6.** Section 1988(c) was enacted in 1991 in response to the holding in *West Virginia University Hospitals, Inc. v. Casey*, 499 U.S. 83, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991), that fees for expert witnesses in civil rights actions could not be recovered under the attorney's-fees provisions of § 1988. *Landgraf v. USI Film Products*, 511 U.S. 244, ——–——, 114 S.Ct. 1483, 1489–90, 128 L.Ed.2d 229 (1994).

review by the district court. *Ezold,* 157 F.R.D. at 15.

■ Awards of attorney's fees, by contrast, are far less ministerial in nature. Both § 1988 and § 2000e–5(k) commit the determination of appropriate attorney's fees to the discretion of the district court. As here, *see Flaherty,* 40 F.3d at 60, a court's decision to award attorney's fees may require a determination that the underlying action was completely without merit. In all cases, the court must identify the basis of its determination. *Inmates of Allegheny County Jail v. Wecht,* 901 F.2d 1191, 1200–01 (3d Cir.1990). Appellate review of the district court's determination of attorney's fees is highly deferential. *Quiroga v. Hasbro, Inc.,* 934 F.2d 497, 502 (3d Cir.), *cert. denied,* 502 U.S. 940, 112 S.Ct. 376, 116 L.Ed.2d 327 (1991). Therefore, the question of attorney's fees is properly directed in the first instance to the district court.

AMSCO did not follow the procedures provided in Rule 54(d)(2). It filed no motion. Instead, it followed the procedures of Rule 54(d)(1) for recovery of "Costs Other than Attorney's Fees" by filing a bill of costs with the Clerk. The Clerk has no authority to tax witness fees in excess of $40 per day. Therefore, his refusal to do so was proper.

For both of these reasons, notwithstanding §§ 1988(c) and 2000e–5(k), AMSCO's recovery of witness fees in this action is limited by §§ 1920 and 1821(b). The Clerk properly fixed costs for this item at $120.00.

III. *CONCLUSION*

An appropriate order will follow.

#### ORDER

AND NOW, this 6th day of May, 1996, for the reasons stated in the accompanying Memorandum, IT IS HEREBY ORDERED that the determination of the Clerk of this Court is amended and that costs are to be taxed in favor of the Defendant, the American Sterilizer Company, and against the Plaintiff, Robert V. Krouse, as follows:

| | |
|---|---|
| Fees of the clerk and marshal: | $ 0.00 |
| Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case: | $2,384.30 |
| Fees and disbursements for printing and witnesses: | $ 120.00 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case: | $ 0.00 |
| Docket fees under 28 U.S.C. § 1923: | $ 0.00 |
| Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828: | $ 0.00 |
| TOTAL: | $2,504.30 |