107 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Earle A. PARTINGTON, Plaintiff-Appellant,
v.
Steven S. MICHAELS; Charlene M. Norris; Gerald Kibe,
Defendants-Appellees.
 Nos. 95-15262, 95-16281.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 8, 1996.
Decided Dec. 11, 1996.
 
 Before: WALLACE, SCHROEDER, and ALARCN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Earle A. Partington appeals from the orders granting summary judgment and awarding costs to Deputy Attorney General Steven S. Michaels, Assistant Disciplinary Counsel Charlene M. Norris, and Chief Disciplinary Counsel Gerald H. Kibe. Partington argues that reversal is warranted because the district court erred in holding that the doctrine of res judicata precludes his claims. He also contends that the district court erred in awarding photocopying costs because the photocopying was unnecessary and the economic disparity between the parties precludes an award of costs in this action.
 
 
 3
 We affirm because the record discloses that this action is barred under the doctrines of res judicata and mootness and Partington has failed to demonstrate that the district court erred in awarding costs.
 
 I.
 
 4
 This action arose from a series of actions filed by Partington to enjoin a Hawaii Supreme Court Rules ("HSCR") 2 disciplinary proceeding and to obtain an award of damages against the parties responsible for initiating those proceedings pursuant to 42 U.S.C. § 1983. The HSCR 2 proceeding and a prior HSCR 13 proceeding arose out of a claim that Partington deliberately rendered ineffective assistance of counsel to a criminal defendant in State v. Clark, C.R. No. 59285. Both the HSCR 2 and the HSCR 13 proceedings were terminated without the imposition of sanctions against Partington.
 
 
 5
 In Partington v. Norris, No. 92-15999, slip op. (9th Cir. July 8, 1994), Partington brought a 42 U.S.C. § 1983 action against Michaels, Norris, and Kibe for their involvement in the HSCR 2 proceedings, seeking injunctive relief, declaratory relief, and monetary damages. The district court abstained from ruling on the claims for injunctive and declaratory relief because the HSCR 2 proceeding was pending and dismissed the claim for monetary damages on the ground that Norris and Kibe were absolutely immune. We affirmed the district court's order regarding the claims for monetary damages, and vacated the judgment regarding injunctive or declaratory relief as moot under United States v. Munsingwear, Inc., 340 U.S. 36, 39 (1950), because the HSCR 2 proceeding had been finally terminated without the imposition of sanctions against Partington.
 
 
 6
 In the present action, Partington claims that Michaels, Norris, and Kibe defrauded the district court and this court in Partington v. Norris. On September 12, 1994, Michaels, Norris, and Kibe moved for summary judgment. The district court granted the defendants' motion for summary judgment on December 5, 1994.
 
 
 7
 On December 12, 1994, Michaels, Norris, and Kibe filed a motion requesting an award of costs. The district court entered an order awarding costs of $1,893.30 to the defendants on June 8, 1995.
 
 II.
 
 8
 Partington argues that the district court erred by applying the doctrine of res judicata to: 1) the portion of the prior judgment vacated pursuant to Munsingwear in Partington v. Norris, No. 92-15999, slip op. (9th Cir. July 8, 1994); 2) the portion of the judgment we affirmed in the Norris matter; and 3) the fraud issues. We review de novo a district court's determination that res judicata applies. In re Russell, 76 F.3d 242, 244 (9th Cir.1996).
 
 
 9
 Res judicata will bar relitigation where: 1) the issue decided in the prior adjudication is identical to the one presented in this action; 2) there was a final judgment on the merits; and 3) the party against whom the doctrine is asserted was a party to the prior proceeding or was in privity with a party to the prior proceeding. Bush v. Watson, 918 P.2d 1130, 1136 (Haw.1996).
 
 A.
 
 10
 Partington alleged the following causes of action in this matter: 1) he is entitled to damages from Norris and Kibe because the HSCR 2 proceeding was initiated in bad faith for the purpose of "harassment, intimidation, and retaliation"; and 2) he is entitled to declaratory and injunctive relief because Norris, Kibe, and Michaels fraudulently represented to this court in Norris that the HSCR 2 proceeding would be conducted de novo on the effectiveness issue. In Norris, we held that: 1) Norris and Kibe were entitled to absolute immunity from a claim for damages for their initiation of the HSCR 2 proceeding against Partington (Norris, No. 15999 at 4-6.); and 2) Partington's claims for declaratory and injunctive relief relating to the HSCR 2 proceeding were moot because the disciplinary proceeding had been terminated (id. at 2-4). We are persuaded from our independent review of the record that Partington's pending claims concerning Norris and Kibe's conduct in initiating the HSCR 2 proceeding and the propriety of declaratory and injunctive relief in conjunction with the HSCR 2 proceedings are identical to those adjudicated in Norris.
 
 B.
 
 11
 The district court dismissed all of Partington's claims on the grounds of res judicata. 12/05/94 Order at p. 7 n. 1. Partington argues that the portions of our judgment in Norris, vacated as moot under Munsingwear, 340 U.S. at 39, are not final judgments and do not have res judicata effect.
 
 
 12
 We agree that the district court erred in applying res judicata to his claims for declaratory and injunctive relief. Pursuant to Munsingwear, these claims were vacated in Norris and remanded with instructions to dismiss because the mootness "[did] not arise from the actions of either party." Norris, No. 92-15999 at 8. In order to preserve the right to appeal, a claim dismissed on the ground of mootness pursuant to Munsingwear is not subject to preclusion under the doctrine of res judicata. Munsingwear, 340 U.S. at 39.
 
 
 13
 "[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971). We cannot consider Partington's claims for relief from the HSCR 2 proceeding because the proceeding has been terminated without the imposition of sanctions. "A case is moot if the reviewing court can no longer grant effective relief." United States v. Oregon, 718 F.2d 299, 302 (9th Cir.1983). A consideration of Partington's claims could only result in an advisory opinion which we are not empowered to issue. Rice, 404 U.S. at 246.
 
 
 14
 "We may affirm the district court 'on any basis fairly supported by the record.' " Las Vegas v. Clark County, Nev., 755 F.2d 697, 701 (9th Cir.1985) (quoting Hoohuli v. Ariyoshi, 741 F.2d 1169, 1177 (9th Cir.1984)). Partington is barred from raising his claims for declaratory and injunctive relief because they are moot.
 
 
 15
 In this appeal, Partington focuses on his contention that his fraud claims against Michaels, Norris, and Kibe are not barred by the doctrine of res judicata. An entry of final judgment bars all claims "arising prior to its entry." Lawlor v. National Screen Serv. Corp., 349 U.S. 322, 323 (1955). In Norris, we held that "Partington could have brought a motion under Federal Rule of Civil Procedure 60(b), seeking 'to set aside a judgment for fraud upon the court.' " Norris, No. 92-1599 at 6. Res judicata "bars the parties or their privies from relitigating issues that were or could have been raised in the prior proceeding." In re Jensen, 980 F.2d 1254, 1256 (9th Cir.1992). Partington's present claim that Michaels, Norris, and Kibe fraudulently represented to the district court and this court that the HSCR 2 proceedings would be conducted de novo is procedurally barred by the doctrine of res judicata because it could have been raised in the Norris matter.
 
 II.
 
 16
 Partington appears to contend that the district court erred in awarding costs to the appellees for the expense of photocopying certain documents because: the documents that were photocopied were not necessary; and the "disparity of economic resources between Partington and the State of Hawaii" should preclude awarding costs against him. A district court's findings of fact in support of an award of costs are reviewed for clear error. Andersen v. Cumming, 827 F.2d 1303, 1305 (9th Cir.1987). Partington has failed to demonstrate by citation to the record that the district court awarded costs for documents that were not material or relevant.
 
 
 17
 Partington cites several cases in support of his economic disparity claim. In these cases, the courts held that "a disparity in economic status" is sufficient to warrant denial of costs. Martin v. Frontier Federal S & L Ass'n, 510 F.Supp. 1062, 1069 (W.D.Okla.1981). See Schaulis v. CTB/McGraw-Hill, Inc., 496 F.Supp. 666, 680 (N.D.Cal.) (holding that the district court has discretion to deny costs based on "a wide disparity of economic resources between the parties"); Braxton v. United States Parcel Serv., Inc., 148 F.R.D. 527, 529 (E.D.Pa.1993) (holding that a court need not award costs that would be "inequitable"). Partington has failed to offer any evidence that he fits within the economic disparity exception.
 
 
 18
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3