

Opinions of the United
States Court of Appeals
for the Third Circuit

11-3-1994

# Comwlth. et al. v. Flaherty, et al.

Precedential or Non-Precedential:

Docket 94-3211

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1994

Recommended Citation

"Comwlth. et al. v. Flaherty, et al." (1994). *1994 Decisions.* Paper 177.
http://digitalcommons.law.villanova.edu/thirdcircuit_1994/177

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1994 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

COMMONWEALTH OF PENNSYLVANIA and
GUARDIANS OF GREATER PITTSBURGH, INC.,
individually and on behalf of its members
and on behalf of all others similarly situated;
NATIONAL ASSOCIATION FOR THE ADVANCEMENT
OF COLORED PEOPLE - PITTSBURGH BRANCH,
individually and on behalf of its members
and on behalf of all others similarly situated;
NATIONAL ORGANIZATION FOR WOMEN -
SOUTHWESTERN PENNSYLVANIA COUNCIL OF CHAPTERS,
individually and on behalf of its members and
on behalf of all others similarly situated and
DONALD ALLEN; BENJAMIN ASHE; JEROME AZIZ;
RICHARD HURT; ADAM KINSEL; LYNWOOD SCOTT and
RICHARD STEWART, individually and on behalf
of all others similarly situated;
J. TERESE DOYLE, individually and on behalf
of all others similarly situated;
CHERYL EDMONDS; ROSE MITCHUM; LINDA ROBINSON;
JOANNE ROWE; DEBORAH SMITH and GLORIA VANDA,
individually and on behalf of all
others similarly situated;
HARVEY ADAMS; MACK HENDERSON; THEODORE SAULSBURY and
CHARLES TARRANT, individually and on behalf
of all others similarly situated;
GLADYS SMITH, Individually and on behalf
of all others similarly situated

v.

PETER F. FLAHERTY, Mayor of the City of Pittsburgh
and Acting Director of the Department of
Public Safety of the City of Pittsburgh;
ROBERT J. COLL, Superintendent of the City of
Pittsburgh Bureau of Police;
STEPHEN A. GLICKMAN, President of the
City of Pittsburgh Civil Service Commission;
ALBERT STATTI and EDWARD L. ENGLISH,
Members of the City of Pittsburgh Civil Service Commission;
MELANIE J. SMITH, Secretary and Chief Examiner
of the City of Pittsburgh Civil Service Commission; and
CITY OF PITTSBURGH, all individually and
in their official capacities

v.

COMMONWEALTH OF PENNSYLVANIA

FRATERNAL ORDER OF POLICE

(Intervenor in D.C.)

(D.C. Civil No. 75-162)

MICHAEL C. SLATER

v.

CITY OF PITTSBURGH, a municipal corporation

(D.C. Civil No. 90-457)

CHARLES H. BOEHM; PAUL G. CLARK and
RICHARD USNER, on behalf of themselves
and all others similarly situated

v.

SOPHIE MASLOFF, MAYOR OF THE CITY OF PITTSBURGH;
MELANIE J. SMITH, DIRECTOR OF PERSONNEL OF THE
CITY OF PITTSBURGH; THE PITTSBURGH CIVIL SERVICE
COMMISSION and THE CITY OF PITTSBURGH

(D.C. Civil No. 90-629)

Commonwealth of Pennsylvania, Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Nos. 75-cv-00162;
90-cv-00457; and 90-cv-00629)

_____

Argued September 20, 1994

Before: BECKER and COWEN, Circuit Judges
and POLLAK*, District Judge

(Filed November 15 , 1994)

———————————

*Honorable Louis H. Pollak, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.


Thomas F. Halloran, Jr. (argued)
Office of the Attorney General
    of Pennsylvania
564 Forbes Avenue
Manor Complex, 4th Floor
Pittsburgh, PA 15219

        COUNSEL FOR APPELLANT
        COMMONWEALTH OF PENNSYLVANIA

Samuel J. Cordes (argued)
Ogg, Jones, DeSimone & Ignelzi
245 Fort Pitt Boulevard
Pittsburgh, PA 15222

        COUNSEL FOR APPELLEES
        PAUL G. CLARK AND
        RICHARD USNER, on behalf of
        themselves and all others similarly
        situated

Lorina W. Wise
City of Pittsburgh
Department of Law
313 City County Building
Pittsburgh, PA 15219

        COUNSEL FOR APPELLEES
        CITY OF PITTSBURGH, all individually
        and in their official capacities

Ronald D. Barber (argued)
Strassburger, McKenna, Gutnick & Potter
322 Boulevard of the Allies, Suite 700
Pittsburgh, PA 15222

        COUNSEL FOR APPELLEES
        DANIEL A. DULSKI AND
        MICHAEL A. BENNER

———————————

## OPINION OF THE COURT

COWEN, Circuit Judge.

The Commonwealth of Pennsylvania, the original plaintiff in this matter, appeals from the order of the district court awarding attorney's fees against it pursuant to 42 U.S.C. § 1988 or, alternatively, pursuant to Federal Rule of Civil Procedure 41(b). Because the lawsuit filed by the Commonwealth was not frivolous, unreasonable, or without foundation and because the Commonwealth did not fail to prosecute its case, we will reverse the award of attorney's fees against the Commonwealth.

## I. Factual and Procedural Background

In 1975, the Commonwealth of Pennsylvania ("Commonwealth") filed suit under 42 U.S.C. §§ 1981 and 1983 against the City of Pittsburgh ("City") alleging, inter alia, discrimination in the hiring of minority applicants by the Police Department of the City of Pittsburgh. Following a hearing the district court made findings that the City had virtually eliminated the hiring of minority applicants as police officers. The district court entered a preliminary injunction requiring the City to hire one white female, one African-American male, and one African-American female for every white male that it hired. The City did not appeal from the preliminary injunction order.

In 1977, the Fraternal Order of Police, an intervening defendant, moved to dissolve the injunction. The application was

denied by the district court because the Fraternal Order of Police lacked standing. In 1984, a white male applicant who had continually applied for a position as a Pittsburgh police officer since 1975 moved to intervene in this action in order to challenge the preliminary injunction. The district court denied the application, and we affirmed the order of the district court. Finally, in 1990, Paul Clark, Richard Usner, Michael Benner, and Daniel Dulski ("intervening defendants"), white male applicants, filed two separate complaints against the City of Pittsburgh and its officials challenging the hiring system imposed by the preliminary injunction. The district court consolidated the cases thereby making these parties intervening defendants to the original suit between the Commonwealth and the City.

In March of 1991 the district court granted the intervening defendants' motion to dissolve the injunction and denied the intervening defendants' motion to dismiss for failure to prosecute. The Commonwealth appealed the dissolution of the injunction to this Court. We dismissed the appeal as moot when the district court granted partial summary judgment in favor of the intervening defendants on the claim of discrimination in the hiring of police officers.

The district court also granted intervening defendants' petitions for attorney's fees incurred in obtaining the dissolution of the injunction, assessing 75% of the fees against the plaintiff Commonwealth and 25% against the defendant City of Pittsburgh. In making this award of attorney's fees, the district court realigned the parties. The intervening defendants

were treated as plaintiffs and the plaintiff Commonwealth and defendant City were deemed defendants for the purpose of awarding fees under 42 U.S.C. § 1988. Commonwealth v. Flaherty, Nos. 75-162, 90-457, 90-629, slip op. at 15 (W.D. Pa. Sept. 9, 1991).

The order granting the intervening defendants' motion for summary judgment and denying their motion to dismiss the original complaint for failure of the Commonwealth to prosecute was affirmed on appeal. The appeal of the attorney's fees award was dismissed because the fee award had not been quantified and therefore was not a final order. Commonwealth v. Flaherty, 983 F.2d 1267, 1277 (3d Cir. 1993). Subsequently, the district court quantified the attorney's fees requested by the intervening defendants at $ 80,000.00, and the Commonwealth was required to pay 75%, or $ 60,000.00. The City was ordered to pay 25%, or $20,000.00. Flaherty, slip op. at 3-4 (March 17, 1994). Although the City has entered an appearance in this appeal, it has not filed a brief nor sought oral argument. This appeal by the Commonwealth followed.

## II. Discussion

### A. Award of Attorney's Fees Under 42 U.S.C. § 1988

The district court awarded $ 60,000.00 in attorney's fees in favor of the intervening defendants and against the Commonwealth. This Court has previously stated that, "[w]e must defer to the district court's fee determination unless it has erred legally, or the facts on which the determination rests are clearly

erroneous."  Quiroga v. Hasbro, Inc., 934 F.2d 497, 502 (3d
Cir.)(citations omitted), cert. denied, __ U.S. __, 112 S. Ct.
376 (1991).  We conclude that the district court erred as a
matter of law in realigning the parties, thus failing to apply
the rule that fees cannot be awarded against a plaintiff absent a
finding that the suit was frivolous, unreasonable, or without
foundation.

The general rule in the United States is that absent
legislation to the contrary, litigants must bear their own
attorney's fees.  See Alyeska Pipeline Service Co. v. Wilderness
Society, 421 U.S. 240, 247, 95 S. Ct. 1612, 1616 (1975).  The
statutory authority for awarding attorney's fees in § 1983 cases
is set forth in 42 U.S.C. § 1988(b).  That section provides,
"[i]n any action or proceeding to enforce a provision of sections
1981 . . . [or] 1983 . . .  of this title . . . the court, in its
discretion, may allow the prevailing party . . . a reasonable
attorney's fee as part of the costs."  42 U.S.C. § 1988(b) (1988
& Supp. V 1993).  The standard to be used in determining whether
a request for attorney's fees by a prevailing defendant should be
approved is set forth in Christiansburg Garment Co. v. EEOC, 434
U.S. 412, 98 S. Ct. 694 (1978).  In that case, the Supreme Court
held that "a district court may in its discretion award
attorney's fees to a prevailing defendant in a Title VII case
upon a finding that the plaintiff's action was frivolous,
unreasonable, or without foundation, even though not brought in
subjective bad faith."  Id. at 421, 98 S. Ct. at 700.  Although
Christiansburg Garment dealt with Title VII fee awards, the

Supreme Court has subsequently indicated that "[t]he legislative history of § 1988 indicates that Congress intended that `the standards for awarding fees be generally the same as under the fee provisions [contained in Title VII] of the 1964 Civil Rights Act.'" Hensley v. Eckerhart, 461 U.S. 424, 433 n.7, 103 S. Ct. 1933, 1939 n.7 (1983). Thus, the analysis adopted by Christiansburg Garment in determining whether to award attorney's fees to a prevailing party is equally applicable to the matter before us.

In Christiansburg Garment, the prevailing party was a defendant, whereas in the case at bar the prevailing parties are intervening defendants. The question whether an intervening defendant may also be considered a prevailing party entitled to an award of attorney's fees is not free from doubt. We are prepared to assume, arguendo, that the answer is in the affirmative. See Donnell v. United States, 682 F.2d 240, 245–249 (D.C. Cir. 1982), cert. denied, 459 U.S. 1204, 103 S. Ct. 1190 (1983). However, for the reasons given in Donnell, we would think that such an award would be justified only where the intervening defendant had clearly made a substantial contribution to the successful result. And, in any event, the district court's discretionary award of attorney's fees would be justified only in those situations where, under the Christiansburg Garment standard, the plaintiff's "claim was frivolous, unreasonable, or groundless, or [when] the plaintiff continued to litigate after it clearly became so." 434 U.S. at 422, 98 S. Ct. at 701.

Plaintiff argues that the award of attorney's fees by the district court in favor of the intervenors and against the plaintiff is erroneous as a matter of law because it is contrary to controlling Supreme Court precedent. In the case at bar, the district court did not arrive at its decision to award attorney's fees by applying the standard as set forth in <u>Christiansburg Garment</u> above. Rather, the district court stated:

> To award attorney fees to a prevailing intervenor against a civil rights plaintiff . . . would appear to penalize a plaintiff without a finding that his or her claim was frivolous, unreasonable or groundless. We found, however, that doing so in this case would further the underlying purpose behind awarding attorney fees in civil rights actions . . . .

<u>Flaherty</u>, slip op. at 4 (August 23, 1993) (citing <u>Flaherty</u>, slip op. at 13, 17 (Sept. 9, 1991)). The district court acknowledged that it never made findings that the plaintiff's claim was frivolous, unreasonable or groundless. Instead, the district court reasoned that it would be proper to realign the parties and treat the Commonwealth as a defendant for fee award purposes because it would further the congressional goal of attacking discrimination by encouraging civil rights lawsuits. <u>Flaherty</u>, slip op. at 17 (Sept. 9, 1991).

The district court decided to treat both the City as well as the Commonwealth as civil rights defendants because both entities assumed identical postures when they allowed the injunction to exist indefinitely and left in place discriminatory hiring practices pursuant to what intervening defendants characterized as an unconstitutional quota system. <u>Flaherty</u>, slip op. at 15

(Sept. 9, 1991). Additionally, the district court concluded that the plaintiff Commonwealth assumed characteristics of a defendant by opposing the intervention of other parties. Id. We see no reason for the Commonwealth to be realigned as a defendant. The status of the Commonwealth as a plaintiff seeking a civil rights remedy was not diminished or changed simply by reason of its not seeking to obtain a permanent injunction after a preliminary injunction had been granted, nor by its objecting to the intervention of other parties.

While it is true that awarding attorney's fees to prevailing intervening defendants will undoubtedly encourage some civil rights lawsuits, we believe that the analysis undertaken by the district court fails to adequately account for the detriment caused by awarding attorney's fees against plaintiffs whose claims are not frivolous, unreasonable, or groundless. To accept the reasoning of the district court would require us to expand the rule of Christiansburg Garment to allow the award of attorney's fees to defendants in cases even where a plaintiff's claim is meritorious. Intervening defendants advocate a rule that would award attorney's fees against a plaintiff who, in the context of a preliminary or permanent injunction, succeeds on the merits, but then fails to notify the court when the injunction may no longer be valid as a result of a change in the law. We cannot accept such an award structure.

Intervening defendants' sole argument is that absent an award of attorney's fees, civil rights suits will be chilled because similarly situated potential intervenors will not

initiate court proceedings.  We do not believe there is force in such an argument.  Potential intervenors will continue to initiate court proceedings because the intervenor will always be in a position to seek attorney's fees from the defendant who is unsuccessful.  Additionally, under the intervening defendants' scheme, any gains which may be achieved by awarding fees to intervening defendants might be eroded by the chilling effect that such a rule of law would have on potential plaintiffs.  The uncertainty created by such a rule might discourage some plaintiffs from filing suit for fear that even if they initially prevail in the lawsuit, they may ultimately be liable for attorney's fees.  The most efficient way to balance the competing concerns of encouraging potential intervenors to intervene and simultaneously not discouraging plaintiffs from filing suit in the first instance is to continue to take advantage of the fee award structure that already exists, namely to award fees to the prevailing party and against the losing defendant.

In this case, the City of Pittsburgh failed to challenge a legally questionable preliminary injunction, and allowed it to remain in effect for over fifteen years.  If the district court in the first instance had ordered the City of Pittsburgh to pay 100% of the attorney's fees, then the dual purposes of encouraging civil rights litigation by intervenors yet not chilling a plaintiff from filing suit would have been served.  As the district court noted, "[r]equiring the original plaintiff in a civil rights action to pay a portion of the Intervenors' attorney fees is, perhaps, unprecedented."  Flaherty, slip op. at

7 (August 23, 1993). We decline to expand the rule of Christiansburg Garment and create such precedent. A prevailing party may still only recover against a plaintiff in a civil rights suit where plaintiff's suit is frivolous, unreasonable, or groundless.

## B. Award of Attorney's Fees as an Alternative to Dismissal Under Federal Rule Of Civil Procedure 41(b)

The district court also held that an award of attorney's fees was justified as an alternative sanction to dismissing the case for failure to prosecute. Accordingly, although we find that the award of attorney's fees was not proper under 42 U.S.C. § 1988, we must also consider whether an award is appropriate as an alternative to dismissal under Federal Rule of Civil Procedure 41(b). Our review of the district court's fee award, where no facts are in dispute, is plenary. Quiroga, 934 F.2d at 502.

The Commonwealth argues that nothing in the language of Rule 41(b) provides for an award of attorney's fees as an appropriate alternative to dismissing a case. Although a district court may impose attorney's fees as a sanction under its inherent power, see Roadway Express, Inc. v. Piper, 447 U.S. 752, 765-66, 100 S. Ct. 2455, 2463-64 (1980), there must be some factual predicate which would indicate that the plaintiff was less than diligent in either prosecuting its case or complying with a court order. See Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 869 (3d Cir. 1984) (award of attorney's fees would be proper in light of dilatoriness of plaintiff's counsel). We must thus decide

whether the district court erred in finding this sanction appropriate.

In support of its alternative justification for awarding attorney's fees, the district court noted the following concerns: (1) the Commonwealth's failure to prosecute the action and seek a final adjudication on the merits in light of new Supreme Court precedent, thus allowing what had become a legally questionable preliminary injunction to remain the status quo for over fifteen years; and (2) the Commonwealth's failure to urge the district court to review the City's efforts at eliminating discriminatory hiring practices. Flaherty, slip op. at 14-15 (September 9, 1991). Thus, from the record before us, it appears that the district court pointed to the exact same conduct of the Commonwealth when awarding attorney's fees under Rule 41(b) as it did when awarding attorney's fees under 42 U.S.C. § 1988.

We cannot conclude that the Commonwealth's conduct was dilatory or an exercise of bad faith. First, we do not think it a prudent rule to require a plaintiff who prevails on a preliminary injunction matter to run to the courthouse every time he or she suspects that the legal support for the injunction may have been undermined by recent caselaw. Second, the City, rather than the Commonwealth, would have been the appropriate entity to petition the district court to review the police department's attempts to eliminate its discriminatory hiring practices.

Because the Commonwealth was not legally accountable for allowing the preliminary injunction to remain in place in excess of fifteen years, there is no justification based on the

undisputed facts in the record for awarding attorney's fees as an alternative to dismissal.  The district court erred as a matter of law in awarding attorney's fees as an alternative to dismissal under Rule 41(b).

## III. Conclusion

We will reverse the district court's award of attorney's fees in favor of the intervening defendants and against the plaintiff Commonwealth of Pennsylvania.  The district court erred in awarding attorney's fees against a plaintiff in a civil rights suit without finding that the plaintiff's suit was frivolous, unreasonable, or without foundation.  The district court also erred by realigning the plaintiff Commonwealth as a civil rights defendant for the purpose of awarding attorney's fees.  In addition, the facts of this case do not warrant an award of attorney's fees against the plaintiff as an alternative to a Rule 41(b) dismissal.

_____