

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-6-1997

# Huck v. Dawson

Precedential or Non-Precedential:

Docket 96-7341,96-7342,96-7444

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

## Recommended Citation

"Huck v. Dawson" (1997). *1997 Decisions.* Paper 31.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/31

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 96-7341
No. 96-7342
No. 96-7444

_____

LEWIS F. HUCK, derivatively on behalf of
SEA AIR SHUTTLE CORPORATION,

v.

ERIC DAWSON; ROSALIE SIMMONDS BALLENTINE; RHUDEL GEORGE; LEO
FRANCIS; ROBERT O'CONNOR, JR.; WILLIAM QUETEL; GEORGE GOODWIN;
LUIS SOTOMAYOR; EARL ROEBUCK; MEMBERS OF THE BOARD OF DIRECTORS;
GORDON A. FINCH, EXECUTIVE DIRECTOR; LT. GOV. DEREK M. HODGE;
ALEXANDER A. FARRELLY, Governor; GOVERNOR OF THE VIRGIN ISLANDS,

(D.C. No. 94-cv-00001)

LEWIS F. HUCK, derivatively on behalf of
SEA AIR SHUTTLE CORPORATION,


v.

VIRGIN ISLANDS PORT AUTHORITY;
SEA AIR SHUTTLE CORPORATION,

(D.C. No. 94-cv-00018)

Lewis F. Huck, derivatively on behalf of
Sea Air Shuttle Corporation,

Appellant

ON APPEAL FROM THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

_____

Argued December 13, 1996

Before: SCIRICA, NYGAARD and McKEE, Circuit Judges

(Opinion Filed February 6, 1997)




Lawrence E. Duffy, Esq. (Argued)
Martinez-Alvarez, Fernandez-Paoli,

1

Menendez-Monroig
Centro De Seguros Building
Suite 407
701 Ponce De Leon Avenue
Miramar
San Juan, Puerto Rico, 00907

Counsel for Appellant


Frederick G. Watts, Esq. (Argued)
John H. Benham, III, Esq.
Watts and Benham
No. 1. Frederiksberg Gade
P.O. Box 11720
Charlotte Amalie, Saint Thomas
USVI, 00801

   Counsel for Appellees Dawson,
Ballentine, George, Francis,
O'Connor, Quetel, Goodwin,
Sotomayor, Roebuck, Finch, the
  Virgin Islands Port Authority and
   Sea Air Shuttle Corporation

Maureen P. Cormier
Carol Moore
Office of the Attorney General of
The Virgin Islands
Department of Justice
48B-50 Kronprindsens Gade
Charlotte Amalie, St. Thomas
USVI, 00802

Counsel for Appellees Hodge and
Farrelly

2

Nygaard, Circuit Judge:

The appellant, Lewis F. Huck, suing derivatively on behalf of Sea Air Shuttle Corporation, appeals separate orders of the district court dismissing his suit and awarding costs and attorneys' fees to the appellees. Huck argues that the district court erred first by applying the res judicata doctrine, and second, by awarding costs and attorneys' fees to the appellees. We conclude that Huck's arguments, and indeed this appeal, are frivolous and will affirm the orders of the district court.

I.

This appeal arises from the Virgin Islands Port Authority's (VIPA) refusal to allow Sea Air to use VIPA owned seaplane ramps in St. Thomas and St. Croix. As a result of Hurricane Hugo in September 1989, the seaplane service that operated between St. Croix and St. Thomas and used VIPA's seaplane ramps went out of business. In early 1990, VIPA issued a request for proposals to lease the seaplane ramps. In the course of the bidding process, VIPA considered the joint proposal of Sea Air and an affiliated company, Caribbean Airline Services, Inc. After investigating the operations of Sea Air and Caribbean, their joint proposal was rejected in favor of another bidder.

In response to being rejected, Sea Air sued VIPA and the successful bidder. In its various amended complaints, Sea Air alleged that VIPA's choice of bidders was unlawful because it violated VIPA's bidding statute; violated the due process and equal protection clauses of the Constitution; violated local and federal antitrust laws; violated Title 29, Section 543 of the

3

V.I. Code (defining the powers of VIPA); violated the Commerce Clause; and, violated federal law under the Federal Aviation Act. The district court dismissed the antitrust claims on federal and state action immunity grounds, and the Commerce Clause and FAA claims because they were included in Sea Air's third amended complaint, filed just two weeks before trial was scheduled to begin. The district court then entered summary judgment in favor of the defendants on the balance of the claims. Significantly, Sea Air did not appeal these orders.

Later, however, Huck recycled Sea Air's claims and sued as a shareholder, derivatively on behalf of Sea Air, against VIPA and various Virgin Islands government and VIPA officials. The gravamen of his complaint was the same as that of the earlier dismissed action. Huck acknowledges the identity of the two actions, but defends his right to file the second by contending that VIPA, in continuing to deny Sea Air access to the ramps, drove his company into bankruptcy. Moreover, Huck contends that the final and unappealed judgment entered against Sea Air in the earlier case did not bar his lawsuit because the earlier decision was "fraudulently obtained," since the defendants in that action did not reveal that federal funds had been used or that federal law arguably prohibited the granting of exclusive leases for use of air navigation facilities.

The district court found Huck's claims barred by res judicata, holding that Huck's claims on behalf of Sea Air arose out of the same transaction and events that gave rise to the earlier lawsuit, and that the same had been earlier adjudicated.

4

Huck, the court held, could not avoid the effects of res judicata simply because he was now asserting that a different degree or extent of damage than earlier alleged. The fact that he continued to suffer from the effects of the earlier judgment did not render the claims to be not fully litigated. Moreover, it concluded that the parties were in privity, a conclusion that Huck has never challenged. Further, the court found that Huck's allegations of fraud were meritless and "[could] be characterized as nothing other than frivolous." Accordingly, the district court dismissed Huck's claims and entered judgment in favor of the defendants. The district court then, upon motion of the defendants and without opposition from Huck, awarded attorneys' fees to the defendants. In its memorandum explaining the award of attorneys' fees, the district court stated that Huck's lawsuits "were frivolous and groundless, lacking any factual or legal basis . . . ." Huck now appeals those orders.

## II.

On appeal, Huck offers an array of arguments why he believes the res judicata doctrine should not have barred his claims in the district court, including: (1) his claims are for damages incurred after the first judgment, and thus constitute a different cause of action; (2) his claims were not fully litigated in the first lawsuit; (3) his claims are premised on a different set of facts; (4) his claims seek a different remedy than the claims in the first lawsuit; (5) res judicata should be used only sparingly in civil rights cases; (6) res judicata should not be applied if the first judgment was erroneous; and,

5

(7) res judicata should not be applied where it would result in "injustice." In addition, and although he did not oppose the fee motion below, Huck now contends that the district court erred by awarding attorneys' fees to the appellees.

We have jurisdiction over these appeals under 28 U.S.C. §§ 1291, 1294(3). We review the district court's application of res judicata to bar the appellant's claims under a plenary standard. O'Leary v. Liberty Mutual Ins. Co., 923 F.2d 1062, 1064-65 (3d Cir. 1991). The district court's award of attorneys' fees to the appellees will stand "unless [the court] has erred legally, or the facts on which the determination rests are clearly erroneous." Commonwealth v. Flaherty, 40 F.3d 57, 60 (3d Cir. 1994) (citation and internal quotations omitted).

### III.

In determining whether Huck's suits were barred by the res judicata doctrine (claim preclusion), we look to the law of the adjudicating state. O'Leary, 923 F.2d at 1064 (citing Gregory v. Chehi, 843 F.2d 111, 116 (3d Cir. 1988)). Absent local law or precedent to the contrary, the Restatement (Second) of Judgments provides the applicable law. 1 V.I.C. § 4;[1] Miller v. Christian, 958 F.2d 1234, 1237 (3d Cir. 1992) (citation omitted) (applying the Restatement (Second) of Property to settle a landlord-tenant

---

[1] 1 V.I.C. § 4 (1988) reads in its entirety:

The rules of the common law, as expressed in the restatements of the law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary.

dispute).

The doctrine has been properly defined by the District Court of the Virgin Islands as "the legal principle that a final judgment, rendered upon the merits, without fraud or collusion, by a court which had jurisdiction over the parties and the subject matter, is conclusive in a subsequent action between the parties or their privies based upon the same cause of action." Julien v. Committee of Bar Examiners, 923 F. Supp. 707, 716 (D.V.I. 1996) (quoting Bank of Nova Scotia v. Bloch, 533 F. Supp. 1356, 1359 (D.V.I.), aff'd, 707 F.2d 1388 (3d Cir. 1982)). Applying this doctrine, plaintiff's claims will be barred by the application of res judicata if: (1) the earlier judgment is final and on the merits; (2) the claims asserted by the plaintiff are the same as those asserted in the earlier action; and, (3) the parties are the same as, or in privity with, the parties from the earlier action. Julien, 923 F.Supp. at 716. This interpretation is consistent with Section 24 of the Restatement (Second) of Judgments (1982) which describes the scope of res judicata as follows:

(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

(2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

7

Significantly, "it is well established that res judicata precludes a party both from relitigating matters already litigated and decided and from litigating matters that have never been litigated, yet should have been advanced in an earlier suit." Julien, 923 F. Supp. at 717–18 (citing 18 Charles A. Wright, et al., Federal Practice and Procedure § 4406 (1981)); accord Bloch, 533 F. Supp. at 1359; Lawaetz v. Bank of Nova Scotia, 23 V.I. 132, 141 (D.V.I. 1987) (citation omitted).

Here, there is no doubt that the prerequisites -- finality of judgment, identity of claims, and privity of parties -- are met. Huck's claims on behalf of Sea Air clearly: (1) arise out of the same transaction and events that gave rise to the earlier lawsuit; (2) mirror the claims and causes of actions asserted in the first lawsuit; and, (3) involve parties in privity. Accordingly, we find that the district court properly applied the doctrine of res judicata to bar Huck's claims. Huck's litany of arguments to the contrary do not raise even a colorable challenge to this conclusion.

Huck's first contention is that after the district court entered its first judgment against Sea Air, VIPA continued to deny Sea Air access to the sea ramps and, as a result, Sea Air was forced to file for bankruptcy. Accordingly, Huck seeks compensation "for damages suffered subsequent to the decisions in the prior lawsuit, as a consequence of the continuing denial of access to the seaplane ramps, based on Defendants/Appellants' conduct being violative of federal law and depriving Sea Air of constitutionally protected rights." In other words, Huck asserts

8

that the continued denial of access to the ramps, although fully in compliance with the court's judgment, creates a new cause of action for liability, and thus res judicata is inappropriate.

Huck's contention is absurd. First, Huck's argument ignores the fact that in the initial judgment the district court determined that VIPA had a right to deny Sea Air access to the sea ramps, thereby settling the question of whether Sea Air was being deprived of its constitutional rights.[2] Second, the conduct of which Huck complains, i.e., the denial of access to the sea ramps, is precisely the same conduct challenged in the earlier suit. Finally, it is difficult to understand how Huck can conclude that VIPA, by acting upon authority of and in accordance with the final judgment of the district court, created a new cause of action that was not barred by res judicata. This is not a case where there has been a change of circumstances concerning material operative facts that would serve to make the application of res judicata improper, nor does Huck argue so. See Restatement (Second) of Judgments § 24 comment f. Instead, he argues that the same facts that resulted in the earlier judgment have caused continued damage.

Huck's second argument against the application of res judicata is that the district court, by denying Sea Air leave to amend its complaint in the earlier action, prevented all claims from being fully litigated, and thus he should be allowed to bring those claims now. This argument was foreclosed when

_____

[2] We note that neither Sea Air, nor Huck, in a derivative capacity, appealed this finding.

neither Sea Air nor Huck, derivatively, appealed the first judgment. The issues that Huck contends were not fully litigated in the earlier action -- the Commerce Clause and FAA claims -- could have been properly raised and litigated by Sea Air, but were not. As such, the application of res judicata to bar the assertion of those claims in this action is appropriate.

Julien, 923 F. Supp. at 717-18 (citation omitted); Lawaetz, 23 V.I. at 141. Indeed, the Restatement offers a complete response to Huck's argument:

The rule of § 24 applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action

(1) To present evidence or grounds or theories of the case not presented in the first action, or

(2) To seek remedies or forms of relief not demanded in the first action.

Restatement (Second) of Judgments § 25; see also Restatement (Second) of Judgments § 25, Comment a ("The rule of § 24 puts some pressure on the plaintiff to present all his material relevant to the claim in the first action . . . . The material to be brought forward comprises, roughly, `evidence' -- connoting facts; `grounds' -- facts grouped under a legal characterization; `theories of the case' -- premises drawn from the substantive law; `remedies or forms of relief' -- measures or kinds of recovery."). The trial court's decision to deny Sea Air's motion to amend its complaint does not change this outcome. Restatement (Second) of Judgments § 25 comment b ("It is immaterial that the plaintiff in the first action sought to prove the acts relied on in the second action and was not permitted to do so because they

were not alleged in the complaint and an application to amend the complaint came too late."). Moreover, neither Sea Air nor Huck, in a derivative capacity, ever appealed the trial court's denial of the motion to amend the complaint, which would have been the proper recourse to preserve the right to litigate the claims. See, e.g., Sendi v. NCR Comten, Inc., 624 F. Supp. 1205, 1207 (E.D.Pa. 1986) (holding that "the fact that plaintiff was denied leave to amend does not give him the right to file a second lawsuit based on the same facts").[3]

Huck's third argument is also frivolous. Huck maintains that since he is alleging a cause of action for harm that occurred after the first judgment, he may prove different facts, and thus res judicata is inapplicable. This, however, is an incorrect statement of the law, and, as we noted earlier, there is no merit to Huck's claim that he suffered a separate injury as the result of the continued losses from denial of access to the sea ramps. See Restatement (Second) of Judgments § 25 comment b.

The remainder of Huck's contentions are likewise without merit. Huck argues that since he is pursuing a different remedy

---

[3] We note also that, despite its decision to deny Sea Air's motion to amend its complaint, the trial court's opinion clearly indicates that it was aware of the substance of the Commerce Clause and FAA claims and found them to be unpersuasive. In addition, insofar as one of the "unlitigated" claims Huck wishes to bring is for damages resulting from violations of federal law under the FAA, we note that he has no standing from which to assert this claim. Montauk-Caribbean Airways, Inc. v. Hope, 784 F.2d 91, 97-98 (2d Cir.) (holding that Congress created no express or implied private right of action under the Federal Aviation Act), cert. denied, 479 U.S. 872 (1986); accord Air Transport Ass'n v. Public Utilities Commission, 833 F.2d 200, 207-08 (9th Cir. 1987), cert. denied, 487 U.S. 1236 (1988).

in his action (monetary damages in contrast to the injunctive relief sought by Sea Air), res judicata cannot be applied. This assertion is again contrary to the law. Restatement (Second) of Judgments § 25 comment f ("[a]fter judgment for or against the plaintiff, the claim is ordinarily exhausted so that the plaintiff is precluded from seeking any other remedies deriving from the same grouping of facts . . . ."). In addition, Huck declares without support that res judicata should be used only sparingly in civil rights cases. He further insists that res judicata cannot be applied where "it is based on a prior decision which is clearly erroneous." These arguments amount to little more than a demand that the decision of the trial court be redecided on the merits -- an option Sea Air and Huck waived when they failed to appeal the initial judgment against Sea Air. Finally, Huck maintains that res judicata should not be applied where it would result in injustice. We find no injustice when the doctrine of res judicata is properly applied to prevent appellees from being subjected to "endless relitigation of issues already decided." Bloch, 533 F. Supp. at 1359. This is especially so here, when even a cursory review of the doctrine's basic principles should have alerted counsel that Huck's derivative suit was repetitious and without colorable legal or factual support.

In summary, we find no merit to any of Huck's arguments that the district court inappropriately applied res judicata to bar his claims against the appellees. It is clear that Huck's derivative actions arose from the same core of operative facts

12

and circumstances as the earlier Sea Air suit.  It is also undisputed that there was privity between the parties in Huck's suits and the earlier Sea Air action.  Given that there was an identity of facts, claims, and parties between the Sea Air suit and Huck's derivative actions we conclude that the application of res judicata to bar Huck's action was proper.  Accordingly, we will affirm the district court's order granting the appellees' motions for summary judgment and dismissing Huck's suits.

IV.

Huck also challenges the order of the district court awarding costs and attorneys' fees to the appellees.  At the outset, we note that Huck failed to oppose the appellees' motion for costs and attorneys' fees and thus cannot raise the issue for the first time on appeal.  See Kiewit Eastern Co., Inc. v. L & R Construction Co., Inc., 44 F.3d 1194, 1203-04 (3d Cir. 1995) (affirming district court's finding that party waived right to attorneys' fees and costs because issue was not adequately raised before the court); McDonald v. McCarthy, 966 F.2d 112, 119 (3d Cir. 1992) (holding that defendants who had an opportunity to contest the accuracy and reasonableness of requested attorneys' fees, but failed to do so, waived their right to raise objections on appeal); accord Chicago v. Matchmaker Real Estate Sales Center, 982 F.2d 1086, 1101 (7th Cir. 1992) ("By challenging the attorneys' fees award for the first time on appeal, the defendants have waived the issue."), cert. denied, 508 U.S. 972 (1993); accord Pope v. MCI Telecommunications Corp., 937 F.2d 258, 266-67 (5th Cir. 1991), cert. denied, 504 U.S. 916 (1992).

Huck has offered no explanation for his failure to oppose the appellees' motion.

Notwithstanding his waiver, we will briefly consider Huck's challenges to the district court's award of attorneys' fees. Huck's first contention is that the award of attorneys' fees cannot be sustained if "the lower court erred in dismissing the suit on res judicata grounds." Since we have already held that the application of res judicata was appropriate, Huck's contention is meritless and cannot serve as the basis for reversing the award.

Huck next asserts that the award of was erroneous because the district court opinion did not explicitly find that Huck's suits were frivolous or groundless. Essentially, Huck argues that because "[t]here is only one mention of the word `frivolous' in [the] memorandum and it is with respect to a very limited part of the cases," attorneys' fees cannot be imposed as a matter of law. Huck's contention, however, is patently wrong. The district court, in its order supporting the award of attorneys' fees, expressly found that "both of these lawsuits were frivolous and groundless, lacking any factual or legal basis . . . ." Moreover, the fact that Huck's claims were dismissed based on the application of res judicata further supports the district court's conclusion that there was no basis upon which to bring these suits and thus they were frivolous.

Finally, Huck stands logic on its head and asserts that because the claims made by Sea Air in the earlier suit were not frivolous, his reassertion of those claims in his suits cannot be

14

considered frivolous or groundless.  We infer from his argument that Huck would have this court adopt the position that once particular claims are deemed not to be frivolous, they are not, and cannot be, frivolous no matter how many times and in what context they are reasserted.  As with his other "legal arguments" challenging the award of attorneys' fees, Huck offers no support for his position and we find it to be without merit.

It is clear that a court may award attorneys' fees to a prevailing defendant in a civil rights action if the court finds that the action was frivolous.  Flaherty, 40 F.3d at 60.  Here, the district court expressly held that Huck's suits "were frivolous and groundless, lacking any factual or legal basis . . . ."  Based on our review of the record and our disposition of the present appeal, we agree with the district court's assessment of the substance of Huck's actions.  Accordingly, we will affirm the order of the district court awarding costs and attorneys' fees to the appellees.

V.

One final matter: we observe that the appellees have not yet sought costs or damages under Federal Rule of Appellate Procedure 38.[4]  Although we do not usually raise the issue of Rule 38 damages *sua sponte*, and do not do so now, given our decision on the merits herein, the history of the case, and that appellees

_____

[4] Rule 38 reads in its entirety:

If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

may anticipate recovering attorneys' fees herein, we feel it advisable to offer a note of instruction.

The purpose of an award of attorneys' fees under Rule 38 is "to compensate appellees who are forced to defend judgments awarded them in the trial court from appeals that are wholly without merit, and to preserve the appellate court calendar for cases worthy of consideration." Nagle v. Alspach, 8 F.3d 141, 145 (3d Cir. 1993) (citations and internal quotations omitted), cert. denied, 510 U.S. 1215 (1994). We note that this appeal was wholly without merit. Indeed, the district court's decision to award costs and attorneys' fees to the appellees because it found Huck's suits to be frivolous should have urged upon him and his counsel some extra caution, and given him pause to devote additional examination to the legal validity and factual merit of his contentions. Moreover, instead of producing strong legal arguments to convince us that his appeals were meritorious, Huck's counsel has offered unsupportable legal and factual conclusions and merely reargued the already-litigated claims. Hence, the predicate for an award under Rule 38 is met.

Rule 38, however, is not just a sanctions provision, arguably raising an obligation upon the court to act to protect its own integrity or that of a party. Instead, when the court determines that an appeal is frivolous, it is given the option of awarding damages upon "notice from the court," or, alternatively, awaiting a motion from the injured party. Because, however, the remedy this rule offers an injured party is more in the nature of an award upon a finding of liability in tort, we believe in this

16

case the more sound jurisprudential approach is to stay our hand and await a request for redress, if appellees feel strongly enough, and consider themselves injured sufficiently by the action of appellant or its counsel on appeal.  This permits the usual opportunities and procedures that attend a claim upon injury -- i.e., demand, discussion, settlement, alternate dispute resolution, etc. -- to function before we are called upon to act.

## VI.

In sum, we will affirm the orders of the district court dismissing the appellant's suits and awarding costs and attorneys' fees to the appellees.

_____

TO THE CLERK:

Please file the foregoing opinion

_____

Circuit Judge

DATED: