Yolanda CAMPUZANO, Armando Cardenas, Gudalupe Garcia, Willie Jordan, Jr., David Winters, Patricia Reid Lindner, J. Bradley Burzynski, Frank Cano, Jesse Juarez, Eligio Marin, Lourdes Monteagudo, registered voters and Illinois citizens, and the Illinois Republican Party, Plaintiffs,

v.

ILLINOIS STATE BOARD OF ELECTIONS, Ronald D. Michaelson, in his official capacity as Executive Director of the Illinois State Board of Elections, and Tom Cross, Thomas McCracken, Walter Dudycz, Thomas MarCucci, Barbara Flynn Currie, Vince Demuzio, Raymond Ewell, Jorge Ramirez, and Michael Bilandic, all in their official capacities as members of the Illinois Redistricting Commission, Defendants.

No. 01 C 50376.

United States District Court, N.D. Illinois, Western Division.

Jan. 10, 2003.

Steven Francis Molo, Kenneth T. Kristl, Winston & Strawn, Chicago, IL, Phillip Anthony Luetkehans, Brian J. Armstrong, Robert William Funk, II, Benjamin Andrew Swift, Schirott & Luetkehans, P.C., Itasca, IL, Terry A. Ekl, Connolly, Ekl & Williams, P.C., Clarendon Hill, IL, James Gus Sotos, Dana M. Shannon, Hervas, Sotos, Condon & Bersani, Itasca, IL, for plaintiffs.

Kathleen Kreisel Flahaven, Don R. Sampen, Richard Michael Stock, Charles F. Godbey, Phillip J. Robertson, Carole R. Doris, Ill. Atty. General's Office, Chicago, IL, for defendants.

William J. Harte, William J. Harte, Ltd., Chicago, IL, for respondent.

James D. Montgomery, James D. Montgomery & Assoc., Ltd., chicago, IL, Shannon Keith Moorer, Ronald S. Samuels & Assoc., Chicago, IL, Courtney Carlton Nottage, J. Patrick Hanley, Chicago, IL, for Emil Jones, Jr., intervenor defendant.

Patricia Mendoza, Maria G. Valdez, Mexican Amer. Legal Defense & Educational Fund, Chicago, IL, for League of United Latin American Citizens, intervenor.

Before KANNE, Circuit Judge, TERENCE T. EVANS, Circuit Judge, and REINHARD, District Judge.

## *ORDER*

PER CURIAM.

This order addresses a petition for attorneys' fees and costs filed by two defendant-intervenors, the League of United Latin American Citizens ("LULAC") and the African–American Working Group on Reapportionment ("AAWG"). The court assumes familiarity with its previous opinion in deciding the merits of the plaintiffs' claim under § 2 of the Voting Rights Act of 1964, 42 U.S.C. § 1973, *see Campuzano v. Illinois State Board of Elections,* 200 F.Supp.2d 905 (N.D.Ill.2002), and will repeat only those facts relevant to the present motion. Suffice it to say that, in the end, the three-judge panel assigned to this case dismissed all portions of the plaintiffs' complaint other than those that the plaintiffs had voluntarily dismissed or affirmatively abandoned.

As prevailing defendant-intervenors, LULAC and AAWG now seek an award of their attorneys' fees and costs pursuant to 42 U.S.C. §§ 1973*l* (e), 1988. They make a somewhat novel argument that the original, named defendants—the Illinois State Board of Elections, its executive director, and the nine members of Illinois' Legislative Redistricting Commission (collectively referred to as the "State defendants")—and not the losing plaintiffs should pay for this award. This is because, in their words, the Illinois Attorney General, who represented the State defendants,[1] "did

---

1. To be clear, the Attorney General represented the individual State defendants solely in their official capacities. Five of the individual State defendants, along with several other private parties, actually intervened—as defendants—as private citizens and registered voters, and retained their own counsel,

nothing to defend Illinois' redistricting plan" from the plaintiffs' attack and even aligned the State defendants with the plaintiffs in part by agreeing that the plan violated the voting rights of African–Americans, while still denying that it violated the voting rights of Latinos. By thus abdicating "his duty to defend" the redistricting plan, LULAC and AAWG argue the Attorney General forced them "to shoulder the costs and legal fees associated with defending the merits of the plan."

In support of this theory, LULAC and AAWG rely exclusively on a recent opinion by Judge David H. Coar of the Northern District of Illinois in *King v. State Board of Elections,* No. 95 C 827, 2002 WL 221606 (N.D.Ill. Feb.11, 2002). *King,* however, is distinguishable on its facts and, even if were not, the court would not arrive at the same result. In *King,* the plaintiff sued the Illinois State Board of Elections to challenge the constitutionality of a certain majority-Hispanic legislative district created as a result of an earlier lawsuit brought under the Voting Rights Act. Some of the plaintiffs in that earlier lawsuit then intervened as defendants in *King* to defend the district at issue. After ruling against King on the merits, Judge Coar held the defendant-intervenors could obtain an award of fees and costs from the State as a co-defendant under §§ 1973*l* (e) and 1988. In doing so, Judge Coar seemed to rely on two principal considerations. First, he noted the State "refused to defend vigorously [the] constitutionally required map against King's challenge," "played a nominal part throughout the lengthy litigation," and "passively awaited the outcome" while "the intervenors carried the weight of the defense." *Id.* at *1, *3, *4, *5. That rather accurately describes what the State defendants in the present case did. But Judge Coar also repeatedly

emphasized the "unique procedural history" of the case before him by observing that the defendant-intervenors in *King* "actually took on the role of the traditional civil rights plaintiff" as they were the ones who had originally "brought charges of civil rights violations, convinced the court to rectify this violation in [the earlier law suit], and, in the present case preserved the rights they had asserted." *Id.* at *3, *4, *6.

Unlike *King,* there is nothing "unique" or "unusual" about the procedural history of this case that would justify recasting LULAC and AAWG as traditional civil rights plaintiffs. They most certainly were not enforcing any rights they had secured in a prior law suit. Instead, this case was a fresh attack on a brand new redistricting map. While the plaintiffs challenged the map because they believed it violated the Voting Rights Act and the federal constitution, LULAC and AAWG, among others, intervened to defend it because they believed it complied with federal law just the way it was. Period. As there was nothing special about this case to make one think LULAC or AAWG had "really" played the role of a traditional civil rights plaintiff, that portion of the court's rationale in *King* thus does not apply in this case.

In many ways, the present case more closely resembles what happened in *League of United Latin American Citizens Council v. Clements,* 923 F.2d 365 (5th Cir.1991), and the court agrees with both the reasoning and outcome in that case. In *Clements,* the plaintiffs sued the state of Texas, claiming that the election of state district judges diluted the votes of blacks and Hispanics in violation of the Voting Rights Act and the U.S. Constitution. Judge Sharolyn Wood, a sitting dis-

who represented them at trial as defendant-      intervenors.

trict judge, intervened in the law suit as a defendant. After the State and Judge Wood received a favorable ruling on appeal, Judge Wood sought an award of attorneys' fees against the State by "insist[ing] the Texas attorney general could not have won the case without her and that he did not adequately defend her interests or properly perform his official duties." *Id.* at 368–69. Assuming all of this as true, the court nevertheless denied Judge Wood's request to recover fees against Texas under § 1973*l* (e) and § 1988 "for [the attorney general's] asserted inadequacy." *Id.* at 369. It observed that, although the Supreme Court in *Independent Federation of Flight Attendants v. Zipes,* 491 U.S. 754, 109 S.Ct. 2732, 105 L.Ed.2d 639 (1989), used equity considerations to limit the liability of a defendant-intervenor, as opposed to a named defendant, for a prevailing plaintiff's attorneys' fees, "the Court has never held or so much as insinuated that such considerations extend to imposing a prevailing intervenor's expenses upon a prevailing named defendant." *Clements,* 923 F.2d at 368. The court also explained that, even if there are times when it is appropriate to "look beyond the procedural posture of a case to a party's actual role," such as in a declaratory judgment action, it would not matter because "Judge Wood participated in all ways as one defending against a civil rights claim and not as one seeking to establish and rectify a violation of civil rights." *Id.* The same is equally true of LULAC and AAWG in this case: both of these parties intervened as defendants "disputing civil rights violations, not as one[s] asserting such violations." *Id.* at 368 n. 3.

This court recognizes that the U.S. Court of Appeals for the Third Circuit in *Pennsylvania v. Flaherty,* 40 F.3d 57 (3d Cir.1994), a case upon which Judge Coar heavily relied in *King,* suggested a prevailing defendant-intervenor could receive an award of attorneys' fees against the named defendant under § 1988 when the named defendant "failed to challenge a legally questionable preliminary injunction, and allowed it to remain in effect for over fifteen years." *Id.* at 62. This statement, however, was dictum and supported by little analysis. As such, this court has found no persuasive authority to force a prevailing but derelict named defendant to pay the attorneys' fees of a defendant-intervenor under a federal fee-shifting statute. In the absence of such authority, this court declines to tread into what were, before *King,* uncharted waters "with no controlling precedent to serve as guideposts." *King,* 2002 WL 221606, at *7.

The court also refuses to entertain LULAC and AAWG's alternative theory of recovering attorneys' fees and costs from the State defendants under a state law claim for *quantum meruit.* As the court sees it, this is effectively a separate cause of action against the state of Illinois. LULAC and AAWG, however, have merely asserted this theory in their motion; they have not filed any amended complaint to allege such a claim. And even if they did, the court would refuse to exercise supplemental jurisdiction over it because all of the federal causes of action have long since been dismissed from this law suit. *See* 28 U.S.C. § 1367(c)(3).

For the reasons stated above, LULAC and AAWG's petition for attorneys' fees and costs is denied.