

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2003

# O'Brien v. Travelers Prop Cslty

Precedential or Non-Precedential: Non-Precedential

Docket 02-2892

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"O'Brien v. Travelers Prop Cslty" (2003). *2003 Decisions.* Paper 536.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/536

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 02-2892

———

JOHN J. O'BRIEN, III, ESQUIRE;
O'BRIEN & O'BRIEN ASSOCIATES,
                                    <u>Appellants</u>

v.

TRAVELERS PROPERTY & CASUALTY INSURANCE COMPANY,
SUCCESSOR IN INTEREST TO AETNA INSURANCE COMPANY

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 00-cv-06258)
District Judge:  Hon. Ronald L. Buckwalter

———

Submitted Under Third Circuit LAR 34.1(a)
May 22, 2003

Before:  SCIRICA, <u>Chief Judge</u>, SLOVITER and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Filed May 22, 2003)

———

OPINION OF THE COURT

SLOVITER, Circuit Judge.

John O'Brien, III (which encompasses here appellant O'Brien & O'Brien Associates), appeals the order of the District Court refusing to award attorney's fees and costs following O'Brien's recovery of an arbitral award of $30,000 in his breach of contract suit against Travelers Property & Casualty Insurance Company. We will affirm.

**I.**

O'Brien was retained by Aetna Casualty and Surety Company from 1979 to 1985 to represent Garfield Molding which was a defendant in forty-one asbestos related lawsuits. As evidenced from extensive correspondence between AETNA and O'Brien, AETNA agreed to pay the counsel fees O'Brien incurred. O'Brien submitted a final bill to Aetna in 1998 after the lawsuits were completed. By this time Aetna had transferred the defense of these claims and the responsibility to pay any outstanding bills to Travelers Property & Casualty Insurance Company ("Travelers"). Travelers refused to pay the outstanding bill.

In 2000, O'Brien sued Travelers for, *inter alia*, breach of contract seeking $47,306.95 for outstanding bills. Thereafter, O'Brien adjusted the amount to $50,921.61. Mediation failed and the dispute went to arbitration, where O'Brien was awarded $30,000. Travelers did not appeal this award which it paid in full, and the judgment was marked as satisfied with the Clerk's office.

O'Brien then brought suit against Travelers for attorney's fees and costs,

2

amounting to $18,317.41, that he incurred in bringing the breach of contract suit, and for interest on the arbitration award at 6%, amounting to $6,800.  O'Brien sought a total of $25,117.41.  The District Court denied O'Brien's claim for attorney's fees and interest and O'Brien appealed after his motion for reconsideration was denied.[1]

## II.

Travelers argued that the issue of O'Brien's attorney's fees was adjudicated in the arbitration of the underlying breach of contract action.  The District Court seemed to agree, as the Memorandum and Order denying O'Brien's motion for reconsideration stated:

> Plaintiff [O'Brien] sought to recover $60,000 from defendant, $10,000 of which was attorney's fees in bringing the suit. After a hearing, the arbitration panel thought his claim was worth $30,000.

Memorandum & Order dated June 28, 2002 (emphasis added).

O'Brien correctly notes that this contains an inaccuracy, as the amount O'Brien claimed was $50,921.61 not $60,000.  However, O'Brien's argument that the $30,000 arbitration award is for resolution of the outstanding bills, without attorney's fees and costs incurred in bringing this claim, is also incorrect.  O'Brien's original complaint seeks "Judgment against the defendant in an amount in excess of Fifty Thousand ($50,000.00)

_____

[1]    We have jurisdiction to entertain this appeal pursuant to 28 U.S.C. § 1291.  We must defer to the District Court's decision not to award attorneys' fees and costs unless it has erred legally or the facts on which it made its determination are clearly erroneous. Pennsylvania v. Flaherty, 40 F.3d 57, 60 (3d Cir. 1994).

Dollars which *includes* interest, costs and attorneys fees." App. at 13 (emphasis added).

We thus agree with Travelers that O'Brien is seeking recovery of attorney's fees and costs which were already adjudicated by arbitration of the underlying breach of contract action. The arbitration panel reduced O'Brien's claim of $50,921.61, which "included attorneys fees and costs," to $30,000. There was no mention that the $30,000 excluded attorney's fees and costs. O'Brien's acceptance of this award and marking it as satisfied represented full resolution of the issues between the parties.

O'Brien asserts that Travelers presented false evidence to the Magistrate Judge about its past payments to O'Brien. Even if this were true, such conduct has no bearing on the issue before us as O'Brien took no appeal from the award that was reached by an arbitration panel. We also note that there appears to be merit in Travelers' argument that O'Brien's motion for attorney's fees and costs was untimely filed. Under Fed. R. Civ. P. 54(d)(2), a motion for attorney's fees must be filed "no later than 14 days after entry of judgment." The judgment in this case was filed on May 9, 2002, but under the counting established by the Federal Rules of Civil Procedure, O'Brien's motion for attorney's fees was not filed until May 24, fifteen days later. O'Brien has not filed a reply, and therefore there is no explanation for the late filing.

Finally, and most important, there is no legal basis to support O'Brien's request for fees. As the Supreme Court has made clear, in the absence of an agreement or statute providing for attorney's fees, the American rule is that "the prevailing litigant is

4

ordinarily not entitled to collect a reasonable attorneys' fee from the loser." Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975); see also Pennsylvania v. Flaherty, 40 F.3d 57, 60 (3d. Cir. 1994) (plaintiff cannot recover attorneys' fees from the opposing party unless there is a statute or agreement between the parties that provides for the awarding of attorney's fees).

This case does not fall within any of the exceptions to the American Rule on which O'Brien relies. In Trustees of Univ. of Pa. v. Lexington Ins. Co., 815 F.2d 890, 910-11 (3d Cir. 1987), we applied the Pennsylvania courts' exception enunciated in Kelmo Enterprises v. Commercial Union Ins. Co., 426 A.2d 680 (Pa. Super. Ct. 1981), allowing an award of attorney's fees based on an insurer's breach of duty, but that is inapplicable here because O'Brien was not the insured. Nor is he entitled to attorney's fees under 28 U.S.C. § 1927 which was the basis of the award in Hicks v. Arthur, 891 F.Supp. 213, 215-16 (E.D. Pa. 1995). That statute authorizes recovery of fees only against an attorney, not an attorney's client. Finally, O'Brien's reliance on Southern Nat'l Bank of Houston v. Crateo, Inc., 458 F.2d 688 (5th Cir. 1972), and Nepera Chemical, Inc. v. Sea-Land Serv., 794 F.2d 688 (D.C. Cir. 1986), is misplaced. In those cases, the courts permitted the recovery of attorney's fees incurred in prior litigation against a third party where they were a natural consequence of the defendant's wrongful act. In this case, O'Brien seeks attorney's fees against the defendant in this litigation, not in prior litigation.

It follows that this situation is governed by the general American Rule disallowing

5

the recovery of attorney's fees and costs from the unsuccessful defendant.

## III.

For the reasons set forth, we will affirm the decision of the District Court rejecting O'Brien's claim for attorney's fees and costs.

---

TO THE CLERK:

Please file the foregoing opinion.

/s/ Dolores K. Sloviter
Circuit Judge